Schulteis, Appellant, vs. Trade Press Publishing Company, Respondent.

*September 15—October 12, 1926.*

*Judgment: Relief from judgment procured by perjury: Laches: Attorney's fees on dissolution of injunction.*

1. The fact that a judgment is obtained by perjury is sufficient ground for equitable relief; but such relief will not be granted to one who is guilty of inexcusable neglect in asserting his right thereto. p. 165.

2. A delay of approximately eleven months after personal service of process, without the suggestion of any excuse therefor, warranted the court in finding plaintiff guilty of such inexcusable neglect as to bar his right to equitable relief from a default judgment. p. 165.

3. Although no motion to dissolve a temporary injunction was made before trial, but the matter was presented on a hearing as to the sufficiency of the sureties on the injunctional bond and again at the trial on the merits, and thereafter the procedure under sec. 268.07, Stats., was followed, the allowance of attorney's fees to defendant for procuring the dissolution of the temporary injunction was proper. p. 165.

Appeal from a judgment of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Affirmed.*

Action to enjoin enforcement of a judgment of the civil court of Milwaukee county. Judgment for the defendant. Plaintiff appeals.

In October, 1922, plaintiff was personally served with process in an action begun in the civil court of Milwaukee county against plaintiff and one Mau as copartners doing business under the firm name of United Printing Company. January 18, 1923, judgment was taken by default on the verified complaint.

Plaintiff did not appear in the civil court action and made no effort to be relieved from this judgment until September 7, 1923, when proceedings supplemental to execution on the judgment were begun. Plaintiff then applied to the civil court to have the judgment set aside and to be permitted

Schulteis v. Trade Press Pub. Co. 191 Wis. 164.

to appear and defend the action.   When this relief was finally denied, he began this action to restrain the enforcement of the judgment.   The circuit court found that the civil court judgment was not obtained fraudulently or by any perjured testimony and that plaintiff was negligent in failing to appear in the civil court for approximately eleven months after process was served upon him personally.

The cause was submitted for the appellant on the brief of *Gugel & Greenthal* of Milwaukee, and for the respondent on that of *Aaron B. Rosenthal* of Milwaukee.

STEVENS, J.   1. Appellant bases his demand for relief wholly upon the ground that the civil court judgment was procured by fraud and false swearing.   No witness was sworn when this judgment was entered by default.   The only oath administered on which the judgment was based was that by which the complaint was verified.   The claim that the judgment was procured by false swearing is based entirely on the fact that this verified complaint alleged that the plaintiff and Mau were copartners, when in fact they were stockholders in a legally organized corporation doing business under the name of the United Printing Company.

The rule is well settled that the fact that a judgment is obtained by perjury is sufficient ground for equitable relief. *Boring v. Ott,* 138 Wis. 260, 266, 119 N. W. 865.   But it is equally well settled that such relief will not be granted to one who is guilty of inexcusable neglect in asserting his right to such relief.   *Boring v. Ott,* 138 Wis. 260, 271, 119 N. W. 865.   Plaintiff's delay of approximately eleven months after personal service of process upon him, without the suggestion of any excuse for such delay, warranted the court in finding plaintiff guilty of such inexcusable neglect as to bar his right to equitable relief.

2. The court properly gave defendant judgment for $52.50 expended by the defendant for attorneys' fees for services rendered in procuring the dissolution of the temporary injunction entered in this case.   No formal motion

to dissolve this temporary injunction was made before the trial. But the matter was presented to the court on a hearing held with reference to the sufficiency of the sureties on the injunctional bond. The matter was again presented when the case was tried upon the merits. After the case was decided upon the merits, the procedure for fixing damages outlined by sec. 268.07 of the Statutes was substantially followed. The fact that the damages were fixed by the findings and not by a separate order entered subsequent to judgment did not prejudice the rights of the plaintiff.

*By the Court.*—Judgment affirmed.