STATE, Respondent, v. CONWAY and wife, Appellants.

*January 30—February 28, 1967.*

78

For the appellants there were briefs by *Conway &
Conway* of Baraboo, attorneys, and *David Bogue* of
Portage of counsel, and oral argument by *Mr. Bogue.*

For the respondent the cause was argued by *Roy G.
Mita,* assistant attorney general, with whom on the brief
was *Bronson C. La Follette,* attorney general.

WILKIE, J.    Two issues are presented on this appeal:

1. Is the trial court's finding that the option was not
procured by fraudulent representations contrary to the
great weight and clear preponderance of the evidence?

2. Are the questions of insufficiency of the description
to satisfy the statute of frauds and lack of legal author-
ity to contract appealable where they were not relied
upon as affirmative defenses in the answer of the de-
fendants, and where evidence concerning these questions
was not introduced at trial?

*No Fraudulent Representations.*

This case was an equitable action for specific per-
formance and trial was before the judge without a jury.

In *Mitchell v. Western Casualty & Surety Co.*[2] our court set out the standard of review as follows:

"Since the trial court tried the case without a jury, its findings will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence and it is not necessary the evidence in support of the findings constitutes the great weight or clear preponderance of the evidence. Nor is it sufficient that there is evidence to support a contrary finding. To command a reversal, such evidence although sufficient to support a verdict must constitute the great weight and the clear preponderance of the evidence."

The trier of fact also determines the credibility of the witnesses and the weight to be given their testimony,[3] and any disputes in testimony are to be resolved by the trier of fact.[4]

" 'A finding of fact of a trial court made upon conflicting evidence should not be set aside on review if a judicial mind could, on due consideration of the evidence as a whole, reasonably have reached the conclusion of the court below.' *Estate of Larsen* (1959), 7 Wis. (2d) 263, 273, 96 N. W. (2d) 489." [5]

At trial, the plaintiff established a *prima facie* case by proving the existence of the option. The defense countered by attempting to prove fraud and misrepresentation in procuring the option. Defendant Conway's testimony

---

[2] (1966), 30 Wis. (2d) 419, 421, 141 N. W. (2d) 212. See also *Krueger v. Steffen* (1966), 30 Wis. (2d) 445, 448, 141 N. W. (2d) 200; *Delap v. Institute of America, Inc.* (1966), 31 Wis. (2d) 507, 509, 143 N. W. (2d) 476.

[3] *Estate of Dobrecevich* (1962), 17 Wis. (2d) 1, 6, 115 N. W. (2d) 597; *Estate of Phillips* (1961), 15 Wis. (2d) 226, 228, 112 N. W. (2d) 591; *Guardianship of Coolidge* (1960), 12 Wis. (2d) 58, 64, 106 N. W. (2d) 282.

[4] *Estate of Kaiman* (1961), 13 Wis. (2d) 201, 205, 108 N. W. (2d) 379.

[5] *C. Hennecke Co. v. Cardinal Boiler & Welding Corp.* (1962), 16 Wis. (2d) 493, 498, 114 N. W. (2d) 869.

exactly matched the allegations made in the answer. Defendants also used the testimony of two landholders whose property was near the Conway land. Neither of the two landholders testified that the Conways were bellwethers to prospective sellers nor that they were influenced to sell to the conservation commission because the Conways had granted an option to the commission.

The state relied mainly on the testimony of Therman Deerwester, who testified to the following:

(1) That he never told Attorney Conway that he needed to get an option from Conway to influence landholders in the surrounding area.

(2) That Conway never mentioned that his asking price for the property was $24,000.

(3) That he never stated to Conway that the commission would not pay more than the federal appraisal price for property.

(4) That he paid Conway $1 as consideration for the option.

The trial court held there had been no fraud, misrepresentation or inducement by Deerwester in procuring the option in question. In doing so, the court accepted the credibility of Deerwester's statements over those of Attorney Conway. The trial court also relied on an envelope introduced in evidence which demonstrated how the final selling price in the option agreement was arrived at. The trial court stated that it could not conceive how an attorney-at-law could be deceived as to the effect of a written option to purchase. The trial court also held that the option was not given as part of a scheme of inducement to others or as an accommodation. The great weight and clear preponderance of the evidence is not against these findings.

### Other Defenses.

The general rule in Wisconsin is that matters of defense not called to the attention of the court and op-

posing parties during trial are effectively waived and cannot thereafter be urged as grounds for a new trial or for reversal of the judgment on appeal.[6] The basis of this rule is that matters of defense should be raised at trial so that due consideration may be given to them by the trial court, forming a proper factual foundation for consideration on appeal. However, our court has held, in *Culligan, Inc., v. Rheaume*,[7] that this rule is one of administration, and not of power. In *Culligan* a question of law was involved and all facts necessary to dispose of it were on the record. Thus, although exceptions to the general rule are made, these exceptions are limited to situations where the court can dispose of the matter based upon a consideration of the record.

In the case at bar, defendants are attempting to raise two affirmative defenses which were not in issue at the trial court level. The first such defense is lack of authority to contract on the part of the agent. This contention was not raised in the pleading nor in the defendants' case. Defendants contend that they attempted to interject this defense on page 305 of the record, but the trial judge overruled their questions on this point. The basis of the trial judge's ruling was that this was injected while defendants were cross-examining a witness on a point which was not raised during direct examination nor during adverse examination by defendants. The defense of lack of authority to contract was never properly in the case, and will not be permitted to be raised on this appeal.

Essentially, for the first time on appeal the defendants are challenging the validity of a contract. The general rule is that the defense of no authority to contract cannot be raised for the first time on appeal.[8] This parallels the rule that the defense of invalidity of a contract or

---

[6] *Harrington v. Downing* (1918), 166 Wis. 582, 166 N. W. 318.

[7] (1954), 268 Wis. 298, 67 N. W. (2d) 279.

[8] 4 C. J. S., Appeal and Error, p. 690, sec. 233 d.

instrument cannot be raised on appeal for the first time. An exception to this rule is made where the invalidity of the contract appears on its face or where the contract is immoral, contrary to public policy or illegal as a matter of law.[9] The defense of lack of authority to contract does not come within these exceptions. Moreover, defendants would have the burden of proof on this issue, and there are no facts on the record to support a holding of no authority to contract.

Defendants' second defense is that the description in the option contract is too indefinite to satisfy the statute of frauds. This defense also was not pleaded nor did defendants put in any evidence to establish it, although the burden of proof is on defendants. The defense claims that the indefiniteness of the description was placed in issue by the defendants' objection to the entry of a corrected description by the state during summary judgment proceedings. However, the basis of the objection was entirely procedural and there is no hint that the substance of the objection is based on the statute of frauds. The issue of indefiniteness of description is being raised for the first time on appeal.

Our court has reviewed statute of fraud questions not raised at trial.[10] The court has limited this review, however, to questions of law where the controversy is clearly presented by the record. In both of the cases where the question of compliance with the statute of frauds was raised, a parol contract was involved and the issue, as a matter of law, was whether the contract came within the sanctions of the statute of frauds so that it had to be in writing. The question of indefiniteness of description,

[9] 4 C. J. S., Appeal and Error, p. 686, sec. 233 c. See also *James Employees Credit Union v. Hawley* (1958), 2 Wis. (2d) 490, 87 N. W. (2d) 299; *Ellis v. Frawley* (1917), 165 Wis. 381, 161 N. W. 364.

[10] *Popp v. Swanke* (1887), 68 Wis. 364, 31 N. W. 916; *Braasch v. Bonde* (1926), 191 Wis. 414, 211 N. W. 281.

on the other hand, depends largely on the facts of the case. The description need only describe the property to a reasonable certainty [11] and parol evidence is used to supplement the description.

One difficulty with considering the issue of indefiniteness of description raised for the first time on appeal is the lack of an adequate factual foundation. On the face of the contract, the description is perfectly adequate to satisfy the statute of frauds.

*By the Court.*—Judgment affirmed.

---

[11] *Wiegand v. Gissal* (1965), 28 Wis. (2d) 488, 492, 137 N. W. (2d) 412, 138 N. W. (2d) 740; *Stuesser v. Ebel* (1963), 19 Wis. (2d) 591, 593, 120 N. W. (2d) 679.