STATE, Respondent, v. CONWAY and wife, Appellants.*

*No. 20.   Argued October 3, 1968.—Decided October 29, 1968.*
(Also reported in 162 N. W. 2d 71.)

---

* Motion for rehearing denied, without costs, on January 7, 1969.

For the appellants there were briefs by *Conway & Conway* of Baraboo, attorneys, and *David Bogue* of Portage of counsel, and oral argument by *Mr. Bogue.*

For the respondent the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J. On June 20, 1956, defendants signed an option agreement extending an option to the State of Wisconsin (Conservation Commission) to purchase certain land. The option provided, in part:

"Upon receipt of said notice the grantor agrees to furnish at his own expense an abstract of title . . . .
". . .
"The price at which such property will be sold to the State of Wisconsin (Conservation Commission) is $16,536.50.
". . .
"In the event grantor fails to furnish said abstract of title within 60 days after delivery or mailing of the notice of acceptance to him the grantee may procure such abstract at the expense of said grantor and deduct the cost thereof from the purchase price."

In October, 1956, the state gave notice to exercise the option, but the Conways refused to convey claiming that the option had been fraudulently procured.

In December, 1958, the state commenced an action for specific performance of the exercised option to purchase. The state moved for summary judgment and the motion was granted. In *State v. Conway* (1965), 26 Wis. 2d

410, 132 N. W. 2d 539, this court reversed and remanded the case for trial.

Trial was had without a jury. The trial court's decision was favorable to the state. A "Motion for Amendment of Decision" was made by defendants three days after the date of judgment. The purpose of the motion was to secure admission of evidence which had been omitted at the trial, and to show thereby that since the option described more land than the defendants owned, the Governor of Wisconsin was misinformed as to the amount of land being purchased and could not approve the purchase.

The trial court denied the motion as untimely, stating that the case may not be tried piecemeal and that all the defenses that could have been asserted should have been properly presented at the time of the trial.

The judgment for specific performance was signed March 16, 1966, and filed in the circuit court for Sauk County on March 23, 1966. Paragraph two of the judgment provided a detailed description of the portion of the optioned lands the defendants were able to convey. Three parcels of land described in the option were omitted from the judgment because the defendants did not own them at the time of the judgment.

Paragraph four of the judgment stated:

"4. That the plaintiff, upon the delivery, tender or perfection of such conveyance, pay to the defendants or their attorneys, or to the clerk of this court in exchange for said deed, *the purchase price provided in said option,* less costs and disbursements." (Emphasis added.)

Paragraph five of the judgment stated:

"5. That the plaintiff shall recover and have costs of none."

Defendants appealed the judgment to this court. In *State v. Conway* (1967), 34 Wis. 2d 76, 148 N. W. 2d 721 (decided February 28, 1967) we affirmed the trial

court. The mandate read: *"By the Court.*—Judgment affirmed."

The judgment as affirmed by this court provided for the payment of the option price, which was $16,536.50. Also the judgment which was prepared by the plaintiff, described the real estate to be conveyed. On July 28, 1967, the state decided to pay into the court the sum of $14,600.12. There was no order of the court authorizing the state to pay into court a sum less than the option price, nor was any attempt made to secure such an order. The state apparently arrived at its independent determination of the amount it should pay by deducting from the option price certain items which it determined were at variance with the real estate description appearing in the option and the description appearing in the judgment it prepared.

The defendants demanded the whole of the option price of $16,536.50, together with interest thereon from the time of delivery of the deed to the clerk of court.

After informal attempts to settle the controversy over the purchase price, plaintiff, on October 18, 1967 (nearly 19 months after the filing of the judgment) petitioned and moved for "an order clarifying the judgment and for the enforcement of the judgment dated March 16, 1966. . . ." In opposition to the motion for clarification the defendants appeared specially, claiming that the court had lost all jurisdiction with respect to the judgment and could not now change, alter, amend or correct it.

In its petition, the state took the position that since portions of the lands described in the option were condemned for highway purposes and for power and light easements between the option date and the judgment, and since checks for these condemnation and easement awards are in the possession of the defendants, the purchase price of the option as referred to in the judgment should be reduced accordingly. The state also claimed its cost in procuring abstracts as well as other disbursements,

and a settlement of a claim for trespass damages paid to the defendants by a utility company should be deducted from the option price.

The trial court determined that the motion for an order of clarification and enforcement of the judgment was not beyond its jurisdiction.

The court concluded that the checks received for condemnation and easement awards, in the total amount of $1,015, and the abstract costs in the amount of $280.30, should be deducted from the option price of $16,536.50. It denied the other claims of the state (disbursements and trespass damages).

The trial court ordered that the plaintiff issue and deliver to the clerk of court a check in the amount of $15,241.20, payable to the defendants. It further ordered that no interest be allowed to the defendants "for the reason that their acts and demands materially contributed to the delay in bringing this matter to timely and proper conclusion."

The decision of the trial court contains the following paragraph:

"In the court's view the motion for an order of clarification and enforcement of the judgment is not beyond the jurisdiction of the court. The court is aware of the time limitation on the court's jurisdiction with respect to a judgment, but it is not considered that this appeal to the court invokes the jurisdiction beyond its limits. The parties have placed themselves in a limbo of inaction and stalemate with respect to the judgment, and there the matter rests, and will rest, unless the court intervenes to return them to the procedural track that will bring this durable litigation to an end. Surely the courts in equity have power to get parties off of dead center."

We recognize the value of the practical approach of the trial court in attempting to resolve the differences that exist between the parties. The difficulty that confronts us is that no one has directed our attention to

any authority supporting such action, nor have we been able to find any.

The state acknowledges that the issues considered and decided by the trial court in *State v. Conway* (1967), 34 Wis. 2d 76, 148 N. W. 2d 721, are res judicata. It also admits that the description of the land in the option and the description in the judgment which omitted three parcels of land because the defendants did not own them at the time of the judgment, are res judicata.

Generally no relief against a judgment can be had except pursuant to: (1) Sec. 269.46, Stats.; (2) sec. 270.50 (motion for new trial based on newly discovered evidence —such motion must be made within one year of verdict or findings); (3) sec. 274.36 (further proceedings in trial court where the supreme court orders further action or proceedings); and (4) in equity to restrain enforcement of an unconscionable judgment. *Gimbel v. Wehr* (1917), 165 Wis. 1, 160 N. W. 1080.

Sec. 269.46 (1), Stats., provides relief from a judgment on the grounds of mistake, inadvertence, surprise or excusable neglect at any time within one year after notice of said judgment. Clearly this period has elapsed.

Sec. 269.46 (3), Stats., provides that a judgment may be reviewed at any time within sixty days after service of notice of judgment, but not later than sixty days after the end of the term of entry thereof. This period has also passed in this case.

Sec. 274.36, Stats., is not applicable in the instant case because in the 1967 appeal this court affirmed the trial court judgment and no further action or proceedings were ordered.

After the lapse of a period of one year the court has power to vacate a judgment if it is void, or to correct the judgment so as to conform to the actual pronouncement of the court. Other errors or irregularities in the adjudication may not be corrected. *Thorp Small Busi-*

*ness Investment Corp. v. Gass* (1964), 24 Wis. 2d 279, 128 N. W. 2d 395; *State ex rel. Hall v. Cowie* (1951), 259 Wis. 123, 47 N. W. 2d 309; *Fischbeck v. Mielenz* (1916), 162 Wis. 12, 17, 154 N. W. 701. Here, the judgment is not void, nor is any claim made that it is void.

Respondent urges that the order entered in response to its petition, 19 months after judgment, was a clarification of the original judgment. The order permitted the state to deduct from the option price the value of the easement and condemnation checks held by the defendants as well as the state's costs in procuring abstracts. The order also disallowed certain credits claimed by the state, *viz.* damages received by defendants in a trespass action and certain disbursements.

The order further determined that no interest was to be allowed the defendants. The original judgment required the state to pay the option price—$16,536.50. The net result of the December, 1967, order was to require the state to pay the defendants $15,241.20 without interest.

We are unable to conclude that this order could be considered as either a clarification or enforcement of the original judgment or as a mere conformation of the actual pronouncement of the court.

Our attention has been directed to *Will of Dolph* (1951), 260 Wis. 291, 50 N. W. 2d 448. We are of the opinion that *Dolph* is readily distinguishable from the case now under consideration.

Furthermore we are unable to read any ambiguity into the judgment as originally entered. Respondent wrote the language of the judgment for the trial court. The judgment described only the lands which the appellants could convey and stated in no uncertain terms that "the plaintiff . . . pay to the defendants . . . *the purchase price provided in said option,* less costs and disbursements. . . ." (Emphasis added.) The purchase price provided in the option is $16,536.50.

Respondent's final argument endeavors to invoke the powers of courts of equity to relieve against judgments whose enforcement would be inequitable. "Such power should in any event be exercised sparingly, and only in cases where serious inequity, approaching at least the unconscionable, would result from carrying out the original judgment." *Welfare Building & Loan Asso. v. Hennessey* (1957), 2 Wis. 2d 123, 86 N. W. 2d 1.

In *Hennessey* we determined that defendant's showing fell short of that required to activate the power of equity to relieve against the portion of the judgment complained of. "No fraud is asserted, no sharp practice on plaintiff's part, no overreaching; substantially nothing but the economic misfortune of the defendant [was shown] . . . ." *Welfare Building & Loan Asso. v. Hennessey, supra,* at 128.

In *Herman v. Kennard Buick Co.* (1958), 5 Wis. 2d 480, 485, 93 N. W. 2d 340, we discussed the use of equitable relief from judgments:

"Early in the history of this court the rule was laid down that chancery will relieve against a judgment at law on the grounds of its being contrary to equity when the defendant in the judgment was ignorant of the facts in question pending a suit, or such facts could not have been received as a defense in the lawsuit, or he was prevented from asserting the defense by fraud, accident, or the acts of the plaintiff unmixed with any negligence or fault on the part of the defendant. *Stowell v. Eldred* (1870), 26 Wis. 504."

We find no allegation of fraud, sharp practices, or any other circumstances which would create an unconscionable or inequitable result within the meaning of the above cited cases.

In fact,

". . . . As part of the motion for summary judgment the state introduced into the record a correct description of the property to be purchased. This description omitted three parcels of land included in the description in

the option, because the defendants did not own them."
*State v. Conway* (1967), *supra,* at 79.

At this time, there was no corresponding attempt to reduce the purchase price.

Thus, it clearly appears that respondent was fully aware at the trial that the defendants no longer owned all of the lands described in the option. Also, the respondent wrote the judgment of which it now complains and made no application to the court to have it modified until approximately 19 months after judgment. Unfortunately, the respondent did not pursue its statutory remedies.

However, we are of the opinion that the trial court properly reduced the option purchase price by the amount of the costs of the abstract, *i.e.,* $280.30. This is because the option itself provides that "In the event grantor fails to furnish said abstract . . . grantee may procure such abstract at the expense of said grantor and deduct the cost thereof *from the purchase price.*" (Emphasis added.)

Thus, since the judgment stated that the plaintiff pay the "purchase price provided in said option," and the option itself diminishes the purchase price by the grantee's cost in procuring the abstract, the reduction was proper.

We are also of the opinion that the defendants must be paid interest at the statutory rate (secs. 272.05 (8) and 115.04 (now sec. 138.04, Stats. 1967)), and it should run from the date the defendants deposited a properly executed conveyance of the lands described in the judgment with the clerk of court. *In re Oconto County State Bank* (1942), 241 Wis. 369, 6 N. W. 2d 353, 7 N. W. 2d 602; *Booth v. Ableman* (1866), 20 Wis. 633 (*602).

*By the Court.*—Order reversed. Judgment modified and as modified reinstated. No costs are to be taxed in this court.