CONWAY and wife, Appellants, v. DIVISION OF CONSERVA-
TION, DEPARTMENT OF NATURAL RESOURCES, Respon-
dent.

*No. 34. Argued January 5, 1971.—Decided February 5, 1971.*
(Also reported in 183 N. W. 2d 77.)

154

For the appellants there were briefs by *David Bogue* of Portage, attorney, and *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo, of counsel, and oral argument by *Mr. Bogue.*

For the respondent the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. This is an action in equity to set aside a judgment for specific performance.[1] Three distractive flourishes are added to it.

1. *It is brought in a county other than the county in which the judgment was entered.*[2] Ordinarily, proceedings seeking the modification or setting aside of a judgment are to be ". . . a continuation of the action in which the judgment was rendered."[3] When the

[1] In this state four avenues of relief are open to a party challenging the enforcement of a judgment. (*See State v. Conway* (1968), 40 Wis. 2d 429, 435, 162 N. W. 2d 71) Three are statutory. (Sec. 269.46, Stats.; sec. 270.50; and sec. 274.36.) These require proceeding within one year of entry of judgment in the court in which the judgment was entered. The fourth is an independent action in equity to restrain the enforcement of an unconscionable judgment. (*Gimbel v. Wehr* (1917), 165 Wis. 1, 160 N. W. 1080)

[2] The judgment of specific performance complained against was entered in Sauk county. This action was commenced in Columbia county.

[3] ". . . a court should decline to exercise jurisdiction of an independent action to restrain enforcement of a judgment, rendered in another action in the same or a different court, where it is claimed that the manner of contemplated enforcement is improper or that enforcement will be inequitable because of circumstances arising after the judgment. The appropriate remedy in such case is an application after judgment in the action in which the judgment was rendered.

passage of time makes an action in equity the only remaining way of challenging a judgment, the preferred forum status of the county or jurisdiction in which the judgment was entered remains.[4] When the action for equitable relief from a judgment is started somewhere else, it is ". . . subject to the defendants' right to have the case transferred. . . ."[5] Objection to trial in Columbia county having been raised by the defendant-respondent here, the case should have been transferred to Sauk county. Such transfer is not ordered for the reason that here it would mean no more than shipping a lifeless body to a mortician in another county for interment.

2. *It has grafted onto it a cause of action for rescission of the original option to purchase and for what is referred to as "reasonable rental" of the premises.*[6] The additional relief requested may have been added to give protective coloration to the claim that the action was properly triable in Columbia county. However, in the

. . . [I]f circumstances arising after judgment require what is, in effect, a modification of the judgment, the proceeding should be a continuation of the action in which the judgment was rendered." *Ada Enterprises, Inc. v. Thompson* (1965), 26 Wis. 2d 269, 273, 274, 132 N. W. 2d 244. *See also: Kramer v. Bohlman* (1967), 35 Wis. 2d 58, 150 N. W. 2d 357.

[4] ". . . The better rule is to commence the action for equitable relief from a judgment in the court where the original action was tried. . . ." *Weber v. Weber* (1952), 260 Wis. 420, 432, 51 N. W. 2d 18.

[5] *Id.* at page 432.

[6] Demand paragraph of plaintiffs' complaint reads: "WHEREFORE, plaintiffs now wholly repudiate the option agreement because of complete failure of defendant to comply with the terms of the option and pray that the Court grant judgment relieving the plaintiffs from further compliance of any kind with the option, and for the setting aside of the Judgment, because of failure to comply with the same, together with the costs and disbursements of the action, and for judgment for the reasonable rental of the premises for nine (9) years."

context here, both added claims derive from and depend upon a setting aside of the judgment for specific performance, and that exact judgment has been held not to constitute an action for the recovery of real estate.[7] The subject matter of the dispute between the parties in the original action was the contract between them, not the real estate. Now it is the judgment that resolved that dispute, no longer the option contract nor the real estate involved. The cause of action for rescission of contract is here no more than a setting forth of a possible consequence of a successful challenge to the judgment. In the context here, the claim of entitlement to compensation for use of the premises is no more than an additional relief requested if the judgment were set aside. As here pleaded or appended, it relates to and depends upon a setting aside of the judgment. It is the right of the plaintiffs to seek in equity the setting aside of that judgment that is the issue on this appeal.

3. *It was brought against a defendant other than the holder of the judgment.* For reasons left unexplained, the plaintiffs did not bring this successor action against the holder of the judgment, the state of Wisconsin. Instead, they brought it against the Division of Conservation, Department of Natural Resources. This led to a sharp dispute as to whether there was what the trial court termed ". . . any excess beyond the normal powers and activities of a state agency such as occurred in the *Arthur Case.*" [8] That issue we do not reach and need not discuss. Rather we hold that a plaintiff in an action in equity seeking to set aside a judgment is required to bring such successor action against the party or parties in whose name such judgment was granted. The party seeking relief from a judgment is not entitled to add either issues or confusion by naming as the defendant

[7] *State v. Conway* (1965), 26 Wis. 2d 410, 132 N. W. 2d 539.

[8] *Arthur v. State Conservation Comm.* (1967), 33 Wis. 2d 585, 148 N. W. 2d 17.

someone other than the holder of the judgment. Here, where the judgment from which relief in equity was sought had been granted to the state of Wisconsin, there was no alternative to naming the state of Wisconsin as the defendant in an action to set aside that judgment. Failure to bring the action to set aside the judgment against the holder of the judgment of itself would require dismissal of this action. However, to base affirmance on this ground would invite plaintiffs to bring another action, this time around against the state of Wisconsin, to set aside the judgment. To do so, as we see it, would be to encourage plaintiffs to walk into a door that they have securely locked and barred against themselves.

*The plaintiffs are barred by the doctrine of res adjudicata from seeking to set aside the judgment entered against them in 1966.* In its opinion the trial court ruled that ". . . this issue of the judgment in Sauk County is res judicata as to all matters between the State of Wisconsin and the Plaintiff[s] herein arising out of the option." We agree that the plaintiffs here have placed this judgment beyond present or future attack or, at least, successful challenge.

Approximately nineteen months after this judgment was entered the state of Wisconsin sought to have the case reopened and the judgment modified to accommodate to a discrepancy in the legal description of the premises involved between the option contract and the judgment. The plaintiffs objected, asserting that the judgment was res adjudicata. When the trial court did modify the judgment, the plaintiffs appealed the ruling, maintaining that such modification was barred by the doctrine of res adjudicata. This court upheld the position of the plaintiffs and reinstated the original judgment. Eight days after the state's motion for rehearing was denied and five days after the state offered plaintiffs the sum this court had determined was to be paid under

the judgment, the plaintiffs started this action in equity to set aside the exact judgment they had earlier successfully argued was res adjudicata.

The position then taken by the plaintiffs on that earlier appeal goes beyond the raising of a legalistic defense to the effort of the state to have the judgment modified or corrected. It necessarily included a foregoing of the opportunity then presented to seek at that time by countermotion or affirmative defense the exact claims to equitable relief it now seeks to pursue. Instead it sought an appellate court holding that the judgment was not to be modified, and that res adjudicata applied. It is the law that, if in an original action the defendant might have interposed an affirmative defense but failed to do so and judgment is entered against him, he cannot collaterally attack the judgment by showing that he had an affirmative defense in the action that he did not use.[9] The position in which plaintiffs have placed themselves is analogous, and must be so considered if ". . . The policy of the law is to put an end to litigation. . . ." [10] Those who seek equity are not to be permitted to first blow hot, then blow cold. When the state earlier sought a modification of the judgment to resolve a discrepancy in the legal description of the premises involved, the plaintiffs did not claim nor seek modification or a setting aside of the judgment. Instead, they marshalled and presented all arguments in favor of the judgment being considered to have become res adjudicata. In the bed they then made for it, it must be held to sleep now.

An article, written by a distinguished trial judge in this state,[11] closed with these two Latin quotations:

[9] Restatement, *Judgments,* p. 301, sec. 68 (*e*).

[10] *Crowns v. Forest Land Co.* (1899), 102 Wis. 97, 100, 78 N. W. 433.

[11] *Res Adjudicata and Estoppel by Judgment,* by Hon. Lewis J. Charles, Wisconsin Bar Bulletin (June, 1959), at page 25.

*"Nemo debet bis vexari pro eadam causa."*
*"Interest reipublicae ut sit finis litium."*

As the author of that article correctly concluded, these axioms, "freely translated," give the underlying principle of res adjudicata: " 'No one is entitled to more than one kick at the cat.' " Applied here, this means that the feline in this case—the 1966 judgment for specific performance of an option contract—is beyond reach of further kicks by either party.

*By the Court.*—Order affirmed.