Stephen G. WALKER, Plaintiff-Appellant,

v.

Monte B. TOBIN, Colleen F. Tobin and Tires Nationwide, Inc., Defendants-Respondents.

Court of Appeals

*No. 96–0827. Submitted on briefs December 26, 1996.—Decided February 19, 1997.*

(Also reported in 568 N.W.2d 303.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael D. Dean* of Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Joseph C. Niebler, Jr.* of *Niebler & Muren, S.C.* of Brookfield.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J. Stephen G. Walker appeals from an order barring his motion to set aside a stipulation and settlement. The trial court determined that ten of his twelve claims were based on fraud of an adverse party and were therefore time barred.[1] The trial court further concluded that § 806.07(2), STATS., only allows

---

[1] Although claim numbers two and nine were not dismissed, Walker waived them "solely for purposes of permitting the Court to issue a final order so that appeal of its decision dated February 20, 1996, may be expedited."

73

an independent action that alleges a fraud on the court; since Walker did not allege fraud on the court, an independent action was not available to him. We conclude that § 806.07(2) does permit Walker's independent equitable action based on fraud. Accordingly, we remand to the trial court for a determination consistent with this opinion.

In addition, Monte B. Tobin, Colleen F. Tobin and Tires Nationwide, Inc. (collectively Tobin) filed a motion for an award of attorney's fees in connection with the defense of this appeal. Because Walker's appeal is not frivolous, the respondent's motion is denied.

This action stems from a series of loans between March and November 1990 that Walker provided to help Tobin start Tires Nationwide, Inc. (TNI). TNI was set up to establish a nationwide network of dealers to sell tires through mobile truck service centers. However, TNI went out of business in late 1990 or early 1991. Walker's total losses were allegedly in excess of $300,000.

In early 1991, Walker filed suit in Ozaukee County against Tobin seeking enforcement of an earlier agreement that required Tobin to pay monthly payments of $2371.88 and to allow Walker to inspect the TNI books. Walker also alleged additional claims arising from fraud, contract, fraudulent conveyances, security interests and negotiable instruments in connection with the prior business relationship involving TNI. The lawsuit and the additional claims were resolved through a written mutual release and stipulation signed by the parties on September 4, 1991. An addendum to the stipulation required Tobin to pay off a TNI account, Walker was allocated certain tax losses and the "computer/walkie talkie resolved in favor of Walker to

Monte as he see [sic] fit." An order was signed on October 16, 1991, dismissing the action on its merits with prejudice and without further costs to either party.

In October 1993, Walker sought to enforce a portion of the 1991 settlement by demanding reimbursement for the payment of the TNI account. Tobin reimbursed Walker in November.

Walker then filed an original complaint in Milwaukee County, setting forth five claims. Tobin filed a motion for summary judgment; however, the circuit court determined that Ozaukee County was the proper venue and on its own motion ordered the case transferred back to Ozaukee County.

After the case was transferred to Ozaukee County, Walker filed a motion to amend the complaint dated April 5, 1995, consisting of twelve causes of action. The motion was granted. The claim relevant to this appeal alleged that Tobin made numerous misrepresentations that induced Walker to enter into the 1991 stipulation and specifically sought relief from the stipulation on the grounds that Tobin procured it by fraud. Tobin again filed a motion for summary judgment relying on the 1991 stipulation executed by the parties. The trial court granted Tobin's motion as to ten of the twelve claims, concluding that "all of the causes of action . . . are based on fraud of an adverse party and therefore the Motion for Relief was limited to one year after the order or stipulation was made." As to the provision allowing for an independent action, the trial court determined that it only applies to causes of action based upon an alleged fraud on the court. Since Walker did not allege a fraud on the court, the trial court found that "an independent action is not available to [Walker]." Walker waived the two surviving claims in order to expedite this appeal.

We review a motion for summary judgment using the same methodology as the trial court. *See M & I First Nat'l Bank v. Episcopal Homes Management, Inc.*, 195 Wis. 2d 485, 496, 536 N.W.2d 175, 182 (Ct. App. 1995). That methodology is well known, and we will not repeat it here except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See M & I First Nat'l Bank,* 195 Wis. 2d at 496-97, 536 N.W.2d at 182; § 802.08(2), STATS.

Although the trial court dismissed Walker's complaint by an order for summary judgment, the threshold issue before us is whether § 806.07(2), STATS., preserves equitable relief from judgments or final orders which are procured by fraud. This involves the interpretation of a statute. The interpretation of a statute presents a question of law which we review de novo. *See NBZ, Inc. v. Pilarski,* 185 Wis. 2d 827, 835, 520 N.W.2d 93, 95 (Ct. App. 1994). This case also requires a determination of whether the circuit court misused its discretion in denying relief under § 806.07(2). *See Schauer v. DeNeveu Homeowners Ass'n,* 194 Wis. 2d 62, 70, 533 N.W.2d 470, 473 (1995).

Here, the trial court found that the provision allowing for an independent action only applies to causes of action *based upon an alleged fraud on the court*, which Walker failed to allege. We disagree; rather, we conclude that a party may also commence an independent *equitable* action under § 806.07(2), STATS. Section 806.07(2) provides: "This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding,

or to set aside a judgment for fraud on the court." This statement clearly furnishes a party with two additional avenues for relief from a judgment or order, with Walker's falling under the former.

Prior to the advent of the Wisconsin Rules of Civil Procedure (WRCP), it was well-established law that four avenues of relief were available to a party challenging the enforcement of the judgment; three were statutory and the fourth was an independent action in equity to restrain the enforcement of an unconscionable judgment. *See Conway v. Division of Conservation*, 50 Wis. 2d 152, 156 n.1, 183 N.W.2d 77, 79 (1971);[2] *see also State v. Conway*, 40 Wis. 2d 429, 435, 162 N.W.2d 71, 75 (1968). Courts have long had the equity power to set aside a judgment for fraud even though the time for appeal has expired. *See State Cent. Credit Union v. Bayley*, 33 Wis. 2d 367, 373 n.8, 147 N.W.2d 265, 269 (1967).

Equitable relief against a judgment, although not regarded with favor by the courts, may nevertheless be had where sufficient grounds appear; and under some circumstances, the remedy in equity is exclusive. *See Dunn v. Dunn*, 258 Wis. 188, 192, 45 N.W.2d 727, 729 (1951) (citing 49 C.J.S., *Judgments* § 341 (1947)). Upon a showing of proper circumstances, and when

---

[2] The three statutes were: (1) § 269.46, STATS. (relief from a judgment on the grounds of mistake, inadvertence, surprise or excusable neglect at any time within one year); (2) § 270.50, STATS. (motion for new trial based on newly-discovered evidence at any time within one year); and (3) § 274.36, STATS. (further proceedings in trial court where supreme court orders further action or proceedings). *See Conway v. Division of Conservation*, 50 Wis. 2d 152, 156 n.1, 183 N.W.2d 77, 79 (1971).

required by the ends of justice, appropriate relief against a judgment may be had in equity, the power of equity in this connection being inherent and existing irrespective of any statute authorizing such relief. A bill attacking a judgment is not regarded with favor by the courts and will lie only in exceptional cases. Such relief may be had, not as of right, but in the exercise of sound legal discretion, and each case must stand on its own peculiar merits. *See id.* (citing 49 C.J.S., *Judgments* § 341 (1947)).

The adoption of § 806.07, STATS., within the WRCP "attempt[ed] to achieve a finer balance between the policy favoring the finality of judgments and the requirements of substantial justice than that represented by former section 269.46." Patricia Graczyk, *The New Wisconsin Rules of Civil Procedure Chapters 805-807*, 59 MARQ. L. REV. 671, 727 (1976). The new rule set out a procedure to relieve either a party or his or her legal representative from judgment and expanded the number of circumstances under which a motion to vacate a judgment could be sought. *See id.* Subsection (2) also "add[ed] an important reminder that orders of relief from judgment do not reduce the court's power to entertain an independent equitable action, for example, an action based on fraud, to relieve a party from judgment."[3] *Id.*

An independent action has been described as: "[T]he facts upon which it is sought to avoid the effect of the alleged fraudulent judgment . . . [which] constitute

---

[3] A statute does not abrogate any rule of common law unless the abrogation is so clearly expressed as to leave no doubt of the legislature's intent. *See NBZ, Inc. v. Pilarski*, 185 Wis. 2d 827, 836, 520 N.W.2d 93, 96 (Ct. App. 1994). Since the legislature did not expressly abolish equitable actions, it follows that this remedy is compatible with § 806.07, STATS., motions.

a pretended separate cause of action . . . ." *See Zinc Carbonate Co. v. First Nat'l Bank,* 103 Wis. 125, 138, 79 N.W. 229, 233 (1899). More precisely, federal courts have defined an independent action, under Rule 60(b) of the Federal Rules of Civil Procedure,[4] as "actions that 'established doctrine' had held to be within the court's power prior to enactment of the rules of procedures." *Travelers Indemnity Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985) (quoting FED. R. CIV. PROC. 60(b) advisory committee notes). The elements of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced;
>
> (2) a good defense to the alleged cause of action on which the judgment is founded;
>
> (3) fraud, accident, or mistake which prevented the [plaintiff] in the judgment from obtaining the benefit of his [claim];
>
> (4) the absence of fault or negligence on the part of [plaintiff]; and
>
> (5) the absence of any remedy at law.

*See id.* (quoted sources omitted).

█

It is clear that § 806.07(2), STATS., allows a party to commence an independent equitable action and we so hold. Accordingly, the trial court's order to the contrary

---

[4] For assistance in the construction of § 806.07, STATS., we may refer to federal cases interpreting Rule 60(b) of the Federal Rules of Civil Procedure, upon which § 806.07 is based. *See Nelson v. Taff,* 175 Wis. 2d 178, 187, 499 N.W.2d 685, 689 (Ct. App. 1993).

must be reversed.[5] However, it does not appear from the record that the parties presented evidence or specifically addressed whether Walker's first amended complaint constitutes an independent action or whether, as Walker alleges in claim one, the misrepresentations recited in paragraph 17 constitute fraud, thereby allowing Walker relief from the stipulation. Since the trial court has not had the opportunity to make these determinations, we remand the case to allow it to do so.[6]

Although Tobin has not raised a timeliness argument beyond the one-year statute of limitations, we do note that § 806.07(2), STATS., does not prescribe a time limitation for bringing independent actions. "In the absence of a controlling statute, the only time limitation is the equitable doctrine of laches." *Crosby v. Mills*, 413 F.2d 1273, 1276 (10th Cir. 1969); *see also Suburban Motors of Grafton, Inc. v. Forester,* 134 Wis. 2d 183, 187, 396 N.W.2d 351, 353 (Ct. App. 1986) (actions at law are governed by statutes of limitations and actions in equity are governed by considerations of laches), and *McDermott v. Lumbermen's Nat'l Bank,* 236 Wis. 554, 566, 295 N.W. 784, 789 (1941) (an existence of suspicion of fraud does not constitute laches where facts to

---

[5] It is also obvious from our holding in this case that Tobin's motion for attorney's fees under § 809.25(3), STATS., is unwarranted, and therefore, it is denied.

[6] If the trial court finds fraud, then it may set aside the stipulation and return to the original complaint. If the trial court concludes that Walker failed to plead fraud, then the stipulation stands. Because this is an action in equity, the remedies for actions in law, such as damages, are not available to Walker. *See Kramer v. Bohlman,* 35 Wis. 2d 58, 64-65, 150 N.W.2d 357, 360 (1967).

justify the suspicion are not within the knowledge of the petitioners).

*By the Court.*—Order reversed and cause remanded.