William J. DEKKER, Plaintiff-Appellant, †

v.

Dennis M. WERGIN and Kay M. Wergin, Defendants-Respondents.

Court of Appeals

*No. 96–3258. Submitted on briefs August 4 , 1997.—Decided September 17, 1997.*

(Also reported in 570 N.W.2d 861.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Weldon V. Zufelt* of Sheboygan.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Patrick A. Dewane, Jr.* of *Dewane, Dewane, Kummer, Lambert & Fox* of Manitowoc.

Before Brown, Nettesheim and Anderson, JJ.

ANDERSON, J.   William J. Dekker appeals from a summary judgment dismissing his action to set aside a default judgment on the grounds that it was a fraud upon the court. Dekker contends that Dennis M. Wergin committed perjury in testimony given to support the award of damages in the underlying action. Even if this is true, Dekker must nevertheless come to court with clean hands; however, he failed to act in a timely or prudent fashion to protect his own interests in the underlying action. Because Dekker's complaint fails to state a claim upon which relief can be granted, we affirm.

The underlying action commenced in 1989 when First National Bank of Manitowoc brought a foreclosure action against Dennis and Kay M. Wergin (the Wergins) on an apartment building known as the "Executive House" located in Fond du Lac, Wisconsin. The Wergins had bought the property from Dekker. In 1990, the judgment of foreclosure was entered.

In June 1991, the bank filed a third-party action against Dekker for his alleged failure to disclose substantial foundation problems with the property. Although Dekker was personally served, he filed no responsive pleadings to the third-party complaint and he failed to make appearances in the action despite being mailed a scheduling order. In October 1992, Dekker failed to appear at trial and Wergin, who had settled the bank's action and taken an assignment of the bank's claim against Dekker, testified as to damages. The trial court granted the Wergins' default judgment against Dekker in the total amount of $343,374.

19

In June 1993, Dekker filed a motion for relief from judgment under § 806.07(1)(a), (b), (c), (d), (e) and (h), STATS. The trial court denied the request for relief. Dekker then filed an amended motion for relief which was also denied by the trial court. Dekker appealed to this court in Case No. 94–1869. In an unpublished decision dated April 19, 1995, we affirmed in part and reversed in part. *See First Nat'l Bank in Manitowoc v. Wergin,* No. 94–1869, unpublished slip op. (Wis. Ct. App. Apr. 19, 1995). In accordance with our decision, the trial court determined that Dekker did not have appropriate notice of a $60,000 debt reduction claim and entered an order dismissing this portion of the claim.

Consequently, Dekker filed this independent action under § 806.07(2), STATS., seeking to set aside the default judgment on the grounds that it was a fraud upon the court. The Wergins moved for summary judgment. The trial court found that Dekker had "sat on his rights in the earlier case." Accordingly, the court granted the Wergins' request for summary judgment based on Dekker's failure to act seasonably and his inexcusable negligence in failing to participate in the 1989 action. Dekker appeals.

■

We review a motion for summary judgment using the same methodology as the trial court. *See Walker v. Tobin,* 209 Wis. 2d 72, 76, 568 N.W.2d 303, 304 (Ct. App. 1997). That methodology is well known, and we will not repeat it here except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* at 76, 568 N.W.2d at 304–05.

Dekker's complaint alleges that Wergin committed fraud upon the trial court when he allegedly committed

perjury at the October 13, 1992 trial, thereby inducing the court to grant judgment in the Wergins' favor. Section 806.07(2), STATS., allows a court "to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court." The elements of an independent action are:

(1) a judgment which ought not, in equity and good conscience, to be enforced;

(2) a good defense to the alleged cause of action on which the judgment is founded;

(3) fraud, accident, or mistake which prevented the [appellant] in the judgment from obtaining the benefit of his [claim];

(4) the absence of fault or negligence on the part of [appellant]; and

(5) the absence of any remedy at law.

*Walker*, 209 Wis. 2d at 79, 568 N.W.2d at 306 (quoting *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985)).[1] Dekker fails to allege facts which satisfy the elements of an independent action. Accordingly, Dekker's complaint fails to state a claim upon which relief can be granted.

It is well settled that a judgment obtained by perjury is sufficient grounds for equitable relief. *See Schulteis v. Trade Press Publ'g Co.*, 191 Wis. 164, 165, 210 N.W. 419, 419 (1926). However, a court may only relieve a party from a judgment so obtained when the

---

[1] For assistance in the construction of § 806.07, STATS., we may refer to federal cases interpreting Rule 60(b) of the Federal Rules of Civil Procedure upon which § 806.07 is based. *See Nelson v. Taff*, 175 Wis. 2d 178, 187, 499 N.W.2d 685, 689 (Ct. App. 1993).

party comes into court with clean hands and is not guilty of laches. *See First Nat'l Exch. Bank v. Harvey*, 176 Wis. 64, 67–68, 186 N.W. 215, 216 (1922). As the supreme court stated in *Laun v. Kipp*, 155 Wis. 347, 371, 145 N.W. 183, 192 (1914): "[F]raud such as the commission of perjury in an action resulting in the wrongdoer obtaining a judgment, constitutes a wrong which, if the party aggrieved acts seasonably and was without inexcusable negligence in the action, equity will remedy."

Dekker's hands are not clean. In *Schulteis*, the appellant failed to appear in the court action and waited approximately eleven months after personal service of process upon him before making any effort to be relieved from a default judgment. *See Schulteis*, 191 Wis. at 164, 210 N.W. at 419. The court concluded that this delay, without the suggestion of any excuse, warranted a finding of inexcusable neglect as a bar to his right to equitable relief. *See id.* at 165, 210 N.W. at 419.

Similarly, Dekker was personally served with the bank's third-party complaint against him. Yet he failed to file responsive pleadings, he made no proper appearances in the action and he was absent from the trial. Twenty-four months after being served Dekker sought relief from the judgment. Although Dekker's supporting affidavit posits numerous alleged misrepresentations made by Wergin in support of this complaint, it inexplicably fails to account for Dekker's absence from the prior action.[2] We conclude that such

---

[2] In a 1993 affidavit, Dekker concedes that he did not file an answer or otherwise responsively plead to the complaint, but he nevertheless appears to place blame for his lack of participation on the bank's attorney, his discharged attorney and the court's failure to provide him with notice. The record belies these

unexplained delay constitutes inexcusable negligence barring Dekker's right to equitable relief.

Moreover, Dekker failed to act seasonably. It is a general principle of equity that a court will not interfere to afford relief where legal redress is available. *See First Nat'l Exch. Bank*, 176 Wis. at 69, 186 N.W. at 217. "[I]n order for the defendant to have any standing in a court of equity to secure the relief sought by his [claim] he must show that he made use of and exhausted the opportunities available to him in the original action." *Id.* at 69–70, 186 N.W. at 217.

Dekker was not diligent in the protection of his legal rights. There is no evidence that Dekker made proper appearances in the original action, that he interposed any defense whatsoever, or that he seriously challenged the bank's allegations of his intentional misrepresentations or put it to its proof on those facts. Because Dekker was passive and indifferent, rather than securing his rights in a court of law, equity will not now afford him relief. *See id.* at 70, 186 N.W. at 217.

Finally, the United States Supreme Court has noted that fraud upon the court does not exist where

claims. As the trial court explained at the September 22, 1993 hearing, Dekker was personally served with a copy of the third-party summons and complaint on June 14, 1991, and had twenty days to answer that complaint or file a responsive pleading. Thirty-eight days later, Dekker's attorney made an appearance on Dekker's behalf, but at that time he was already in default. *See* § 801.09(2)(a) & (3), STATS. Furthermore, when Dekker's attorney withdrew his representation, Dekker failed to notify the court, formally or otherwise, that he was representing himself and he failed to make any appearances.

the scheme to defraud is inconclusive, i.e. "obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury." *See Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944)). Dekker's claim presents nothing more. His allegations that he now has new evidence which contradicts Wergin's testimony is insufficient to state a claim of fraud upon the court.

*By the Court.*—Judgment affirmed.