Timothy G. Whiteagle, Plaintiff-Appellant,
v.
Anne E.W. Johnson, Defendant-Respondent.
No. 04-2029-FT.
Court of Appeals of Wisconsin.
Opinion Filed: January 11, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Timothy Whiteagle appeals a summary judgment dismissing his fraud-upon-the-court claim against his ex-wife, Anne Johnson.[1] He further appeals the order taxing costs against him and his attorney after the court determined his case was frivolous. Whiteagle contends the court erroneously applied claim preclusion and erred in its determination of frivolousness. We reject his arguments and affirm the judgment and order. Johnson has filed a motion for frivolous costs on appeal. Because we hold that the case was frivolous in the circuit court, it is per se frivolous on appeal. We therefore grant Johnson's motion and remand the matter to the circuit court for a determination of appellate costs and attorney fees.

Background
¶2 Whiteagle and Johnson were divorced in 1995. Whiteagle was ordered to pay certain amounts for child support, maintenance, and property division, but did not make the payments. In December 1996, Johnson brought a contempt motion for nonpayment. The parties do not indicate the outcome of that motion.
¶3 In July 2000, the divorce court heard another contempt motion for nonpayment. Whiteagle complained he was entitled to credit for certain payments. Johnson denied receiving any money, Whiteagle produced no documentation, and there was no record in the county's ledger of the payments Whiteagle claimed. The court directed Whiteagle that he could not return to court to claim credits without proper proof.
¶4 In June 2002, Whiteagle managed to obtain a hearing, claiming he had filed a motion in 1995 that had yet to be heard. However, he produced no documentation of this motion and no copy existed in the court records. In December 2002, he filed a "motion" acknowledging that he had an unfiled motion that had yet to be heard. At the hearing on the December motion, the court again instructed Whiteagle not to return to court without adequate documentation to support his claims.
¶5 In July 2003, Whiteagle filed the underlying complaint based on WIS. STAT . § 806.07(1)(c),[2] alleging Johnson had perpetrated a fraud on the court which resulted in judgment against Whiteagle for erroneous child support and maintenance arrearages. Accordingly, Whiteagle sought equitable relief from the divorce judgment. Johnson moved for summary judgment.[3]
¶6 The court determined that claim preclusion prevented Whiteagle from bringing claims that were or should have been litigated in the divorce proceedings. The court also ruled that there were no genuine issues of material fact and that even accepting Whiteagle's allegations as true, he could not fulfill the elements necessary to maintain a WIS. STAT. § 806.07 action. Thus, the court granted Johnson's summary judgment motion. Finally, the court determined that Whiteagle's claim was frivolous under WIS. STAT . § 814.025(3)(b). It concluded Whiteagle or his attorney knew or should have known that Whiteagle's complaints of fraud in the divorce court should have been raised there, and it taxed costs jointly against Whiteagle and his attorney, Andrew Bryant. Whiteagle appeals.

Discussion

Summary Judgment
¶7 Whiteagle contends the court erred in granting Johnson summary judgment because claim preclusion does not apply in this case and because he has met the necessary threshold for maintaining an action under WIS. STAT. § 806.07. We review summary judgments de novo using the same metho dology as the circuit court. Walker v. Tobin, 209 Wis. 2d 72, 76, 568 N.W.2d 303 (Ct. App. 1997). The methodology is well-known and need not be repeated here, except to say that summary judgment is appropriate when there is no genuine issue of material f act and the movant is entitled to judgment as a matter of law. Id.
¶8 The circuit court noted first that claim preclusion applied, but we need not discuss its applicability here because we conclude that the issue of Whiteagle's ability to bring a WIS. STAT . § 806.07 claim is dispositive. Cases should be decided on the narrowest possible ground. State v. Blalock, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).
¶9 In addition to its claim preclusion determination, the circuit court held that Whiteagle failed to meet the necessary elements for bringing a WIS. STAT. § 806.07 claim for relief. These elements are:
(1) a judgment which ought not, in equity and good conscience, to be enforced;
(2) a good defense to the alleged cause of action on which the judgment is founded;
(3) fraud, accident, or mistake which prevented the [plaintiff] in the judgment from obtaining the benefit of his [claim];
(4) the absence of fault or negligence on the part of [plaintiff]; and
(5) the absence of any remedy at law.
Walker, 209 Wis. 2d at 79 (citation omitted).
¶10 The circuit court held that even if it accepted the allegations in Whiteagle's complaint as true, he could not satisfy the fourth and fifth requirements of Walker. The court noted:
Whiteagle cannot show he was without fault or negligence in the entry of judgments and orders in the divorce action. If he had engaged in appropriate and timely discovery, he could have become aware of any of the bases for the claims he now seeks to assert within the time period necessary to raise them in the divorce action. Many of the claims he now seeks to assert were known to him within the time period necessary to seek a revision or review of judgments and orders in the divorce action within the appropriate time.... His own lack of diligence should prevent him from maintaining this independent action.
In addition ... Whiteagle may still have a remedy at law. He needs to produce sufficient documentation and evidence to support his claims of alleged fraud by Johnson in the divorce case. Should he do so, the Court has indicated a willingness to consider an offset, adjustment, or recalculation of the amounts due ....
¶11 In a brief rife with conclusory statements, Whiteagle utterly fails to provide any substantive argument demonstrating error by the circuit court.[4] Specifically, he fails to contradict the court's determination that he had timely knowledge of the alleged fraud by Johnson that would have allowed him to obtain review of the divorce judgment by the divorce court.[5] Further, Whiteagle fails to demonstrate that relief under WIS. STAT. § 806.07 is the only remedy at law available to him. Whiteagle fails to demonstrate that he has fulfilled the Walker requirements for maintaining a § 806.07 action and Johnson was therefore entitled to judgment as a matter of law.

Frivolousness under WIS. STAT. § 814.025(3)(b)
¶12 An analysis of frivolousness based on WIS. STAT. § 814.025(3)(b) is a mixed question of fact and law.[6]Rabideau v. City of Racine, 2001 WI 57, ¶46, 243 Wis. 2d 486, 627 N.W.2d 795. What the party knew or should have known is a question of fact. Id. Whether what was or should have been known warrants a finding of frivolousness is a question of law. Id. If a claim is correctly adjudged frivolous in the circuit court, it is per se frivolous on appeal. Riley v. Isaacson, 156 Wis. 2d 249, 262, 456 N.W.2d 619 (Ct. App. 1990). Whiteagle contends the court erred in holding his claim frivolous because the court erroneously presumed his only remedy was with the divorce court.
¶13 Johnson moved for costs on the basis of WIS. STAT. § 814.025(3), without specifying whether she relied on paragraph (a) or (b). The circuit court concluded that Johnson could not meet the requirements of §814.025(3)(a), but held that Whiteagle's case was frivolous under § 814.025(3)(b). The court stated that although Whiteagle stated "a claim for which relief could be granted if the appropriate facts existed," either he or his attorney knew or should have known that there was no basis for the claim, particularly when the divorce court left open the possibility of revisions pending appropriate documentationsomething the divorce court told Whiteagle at least twice.
¶14 Because a remedy was still available from the divorce court, Whiteagle or his attorney knew or should have known they could not meet the requirements of Walker and could not maintain a WIS. STAT. § 806.07 action. On appeal, Whiteagle fails to meaningfully refuteor even attempt to refutethe court's conclusions in this regard, which demonstrates to us the very validity of those conclusions. The court correctly held Whiteagle's action in the circuit court was frivolous. It is therefore frivolous on appeal and Johnson's motion for costs on appeal is granted. The costs will be borne by both Whiteagle and attorney Bryant. However, the case is remanded to the circuit court for determination of reasonable appellate costs and fees.
By the Court.  Judgment and order affirmed and cause remanded; costs to respondent.
NOTES
[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] WISCONSIN STAT. § 806.07 provides, in relevant part:

(1) On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
....
(c) Fraud, misrepresentation, or other misconduct of an adverse party[.]
[3] Johnson actually filed a motion to dismiss but the court converted it to a summary judgment motion under WIS. STAT. § 802.08.
[4] For example, he contends the "trial court complaint together with both of the items of additional information submitted to the trial court for consideration on the issue of summary judgment satisfied the fourth and fifth elements" of Walker v. Tobin, 209 Wis. 2d 72, 76, 568 N.W.2d 303 (Ct. App. 1997). The argumentand, indeed, his entire briefis devoid of any reference to the record, contrary to WIS. STAT. RULE 809.19(1)(e); it fails to identify any facts or information contained in the complaint or the additional documentation; and it fails to demonstrate how those facts fulfill the Walker requirements. We will not search the record for information necessary to support Whiteagle's contentions, see Grothe v. Valley Coatings, Inc., 2000 WI App 240, ¶6, 239 Wis. 2d 406, 620 N.W.2d 463, nor will we abandon our neutrality to develop his argument for him. See State v. Gulrud, 140 Wis. 2d 721, 730, 412 N.W.2d 139 (Ct. App. 1987).
[5] Instead, he alleges that "no finding was made of negligence or fault on the part of the Appellant ...." The court, however, explicitly held that "Whiteagle cannot show he was without fault or negligence ...."
[6] WISCONSIN STAT. § 814.025 provides, in relevant part:

(1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.
....
(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:
(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.
(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.