Cindy L. GROTHE, Plaintiff-Appellant,

v.

VALLEY COATINGS, INC. and Continental Casualty Company, Defendants-Third-Party Plaintiffs-Respondents,

v.

PPG INDUSTRIES, INC., Omni Glass & Paint, Inc. and Miron Construction Co., Inc., Third-Party Defendants-Respondents.

Court of Appeals

*No. 00–0524. Submitted on briefs September 11, 2000.—Decided October 3, 2000.*

## 2000 WI App 240

(Also reported in 620 N.W.2d 463.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Max W. Saylor*, Berlin.

On behalf of the defendants-third-party plaintiffs–respondents, the cause was submitted on the brief of *David M. Victor* of the *Law Office of Mark H. Miller*, Brookfield.

On behalf of the third-party defendant–respondent, PPG Industries, Inc., the cause was submitted on the brief of *Peter J. Hickey* of *Everson, Whitney, Everson & Brehm, S.C.*, Green Bay.

On behalf of the third-party defendants-respondents, Omni Glass & Paint, Inc. and Miron Construction Co., Inc., the cause was submitted on the brief of *Mark A. Klinner* of *Sandford, Zalewski & Klinner, LLP*, Wausau, and *Thomas R. Schrimpf* of *Hinshaw & Culbertson*, Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Cindy Grothe appeals a judgment dismissing her negligence claim against Valley Coatings, Inc. Grothe argues that the circuit court erred by: (1) dismissing the case on summary judgment; (2) denying her motion to amend the pleadings under the relation-back doctrine pursuant to WIS. STAT. § 802.09(3);[1] and (3) erroneously exercising its discre-

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

tion when it denied her motion to amend the pleadings. We disagree and affirm the judgment.

## BACKGROUND

¶ 2. Grothe claims she sustained injuries on June 12, 1995, as a result of inhaling and being exposed to paint and chemicals used during construction at her place of employment. She filed a complaint against Valley Coatings, the distributor of the paint and chemicals, on January 30, 1998. Valley Coatings filed a third-party complaint against Omni Glass & Paint, Inc., and Miron Construction Co., Inc., on June 10, 1998. Omni applied the paint, and Miron was the general contractor responsible for the factory expansion project. Subsequently, Valley Coatings impleaded PPG Industries, Inc., the paint manufacturer, in an amended third-party complaint on March 29, 1999.

¶ 3. Valley Coatings moved for summary judgment based on Grothe's admission that she had no direct evidence of negligence on the part of Valley Coatings and based on her failure to name expert witnesses. Grothe then moved to withdraw her admission. The court denied Grothe's request to withdraw the admission and granted Valley Coatings' motion for summary judgment.

¶ 4. The remaining defendants moved to dismiss because Grothe had not filed any claim directly against them. In response, Grothe filed a motion to amend her pleadings to name Omni and Miron as defendants under the relation-back doctrine.[2] The circuit court denied her motion and ruled that the relation-back doctrine would not allow Grothe to amend her pleadings

---

[2] Grothe's proposed amended summons and complaint contain no claim against PPG Industries.

because the statute of limitations had run and notice had not been received by the additional parties within the time required. The circuit court dismissed Grothe's suit and any remaining claims. This appeal followed.

## DISCUSSION

### I. SUMMARY JUDGMENT

¶ 5. When we review a summary judgment we apply the same methodology as the trial court, and we consider the issues independently. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). The remedy is appropriate in cases where there is no genuine dispute of material fact and only one reasonable inference from the undisputed facts, and one party is entitled to judgment as a matter of law. *See Grams v. Boss*, 97 Wis. 2d 332, 338–39, 294 N.W.2d 473 (1980).

¶ 6. Grothe argues that summary judgment was inappropriate because a genuine issue of material fact exists. Additionally, Grothe contends that expert testimony was not required and that the circuit court improperly granted summary judgment because of her failure to name any experts. However, Grothe's brief does not contain any citations to the record. This is a violation of WIS. STAT. § 809.19(1)(d) and (e).[3] This particular argument is heavily dependent upon facts in

---

[3] WISCONSIN STAT. RULE 809.19(1)(d) reads as follows:

(1) BRIEF OF APPELLANT. The appellant shall file a brief within 40 days of the filing in the court of the record on appeal. The brief must contain:

. . . .

the record. We decline to embark on our own search of the record, unguided by references and citations to specific testimony, to look for evidence to support Grothe's argument. WISCONSIN STAT. RULE 809.19(1)(e) requires parties' briefs to contain "citations to the . . . parts of the record relied on." We have held that where a party fails to comply with the rule, "this court will refuse to consider such an argument . . . ." *Tam v. Luk*, 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158 (Ct. App. 1990) (citation omitted). "[I]t is not the duty of this court to sift and glean the record in *extenso* to find facts which will support an [argument]." *Id.* (citation omitted). We decline to address this portion of Grothe's argument and dismiss it. *See* WIS. STAT. RULE 809.83(2).[4]

---

(d)    A statement of the case, which must include: a description of the nature of the case; the procedural status of the case leading up to the appeal; the disposition in the trial court; and a statement of facts relevant to the issues presented for review, with appropriate references to the record.

WISCONSIN STAT. RULE 809.19(1)(e) provides:

An argument, arranged in the order of the statement of issues presented. The argument on each issue must be preceded by a one sentence summary of the argument and is to contain the contention of the appellant, the reasons therefor, with citations to the authorities, statutes and parts of the record relied on as set forth in the Uniform System of Citation and SCR 80.02.

[4] WISCONSIN STAT. RULE 809.83(2) states:

NONCOMPLIANCE WITH RULES. Failure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate.

411

## II. RELATION-BACK DOCTRINE

¶ 7.    Grothe claims the court erred by denying her motion to amend her pleadings under the relation-back doctrine to include Omni and Miron as named defendants. *See* WIS. STAT. § 802.09(3).[5] Because this is a legal question not as heavily dependent on facts in the record, we will address the argument. The circuit court ruled that Omni and Miron did not receive the required notice within the period of the statute of limitations. We are not bound by the circuit court's conclusions of law and decide the matter independently. *See Green Scapular Crusade, Inc. v. Town of Palmyra,* 118 Wis. 2d 135, 138, 345 N.W.2d 523 (Ct. App. 1984).

¶ 8.    Valley Coatings impleaded Omni and Miron on June 10, 1998, two days before the statute of limitations expired. However, Omni and Miron did not receive notice of the institution of the action until June 22, 1998, when they were served with the third-party summons and complaint.

¶ 9.    WISCONSIN STAT. § 802.09(3) spells out four conditions which must be met for an amended pleading

---

[5] WISCONSIN STAT. RULE 802.09(3) reads as follows:

RELATION BACK OF AMENDMENTS. If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, *the party to be brought in by amendment has received such notice of the institution of the action* that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party. (Emphasis added.)

to relate back and ameliorate the effect of the statute of limitations: (1) the basic claim must have arisen out of conduct set forth in the original pleadings; (2) the party to be brought in must have received notice so that it will not be prejudiced in maintaining its defense; (3) the party knew or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) most significantly, the second and third requirements must have been fulfilled within the prescribed limitations period.

¶ 10. Although Wisconsin courts have not addressed this precise issue, the United States Supreme Court has construed the statute's nearly identical federal counterpart, FED. R. CIV. P. 15(c) (amended 1991).[6] Because this precise issue has not been addressed in Wisconsin, we look to federal cases for guidance in interpreting similar statutes. *See State v. Gundenschwager*, 191 Wis. 2d 431, 439, 529 N.W.2d 225 (1995). In *Schiavone v. Fortune*, 477 U.S. 21 (1986),

---

[6] FEDERAL R. CIV. P. 15(c) (amended 1991), construed by the Supreme Court reads as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) *has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits*, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. (Emphasis added.)

Although Congress has since modified rule 15(c), WIS. STAT. § 802.09(3) has not been amended, and therefore the ruling in *Schiavone v. Fortune*, 477 U.S. 21, 24 n.5 (1986), still applies.

a complaint was filed before the applicable statute of limitations expired. The plaintiffs mistakenly labeled Fortune as the defendant and mailed the complaint to Fortune's offices at the Time Life Building in New York City. Fortune, however, was the name of an internal division of Time, Incorporated. Time refused service because it was not named as defendant. The plaintiffs then amended their complaint to name Time as a defendant, but the amendment occurred after the statute of limitations had run. The plaintiffs argued that the amended complaint related back since the original complaint was filed before the statute of limitations had expired and was mailed within the time allowed for service of process. The Supreme Court disagreed and held that in order for an amended complaint to relate back, the party to be added must receive notice within the applicable statute of limitations period. *See id.* at 29.

¶ 11.   We agree with the Supreme Court's interpretation of wording similar to WIS. STAT. § 802.09(3) and choose to apply it. We hold that the statute requires receipt of notice of the institution of the action within the statute of limitation period. Because Omni and Miron did not receive notice of the lawsuit until after the statute of limitations had expired, the plain notice requirements of the statute have not been met. Therefore, Grothe's proposed amended complaint does not relate back. As a result, the circuit court properly denied Grothe's motion.

III.   EXERCISE OF DISCRETION

¶ 12.   Last, Grothe argues that the circuit court erroneously exercised its discretion when it denied her

motion to amend the pleadings pursuant to WIS. STAT. § 802.09(1).[7] "A trial court's decision to grant leave to amend a complaint is discretionary." *Finley v. Culligan*, 201 Wis. 2d 611, 626, 548 N.W.2d 854 (Ct. App. 1996). We will not reverse a court's discretionary decision unless the record discloses that the court failed to exercise its discretion, that the facts do not support the trial court's decision, or that the court applied the wrong legal standard. *See id.* at 626–27. The circuit court "in exercising its discretion must balance the interests of the party benefiting by the amendment and those of the party objecting to the amendment." *State v. Peterson*, 104 Wis. 2d 616, 634, 312 N.W.2d 784 (1981).

■

¶ 13. A review of the record reveals that Grothe did not take any steps to amend the pleadings until after Valley Coatings' summary judgment motion was granted and Miron and Omni moved to dismiss. On appeal, her only argument is that Omni and Miron have not claimed they would be prejudiced if the motion were granted. Grothe has failed to explain why an amendment was justified so late in the proceedings and why she did not seek leave to amend her pleadings before October 28, 1999, nearly two years after filing her original complaint. Therefore, the trial court prop-

---

[7] WISCONSIN STAT. § 802.09(1) reads as follows:

AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires. A party shall plead in response to an amended pleading within 45 days after service of the amended pleading unless (a) the court otherwise orders or (b) no responsive pleading is required or permitted under s. 802.01(1).

erly exercised its discretion by denying Grothe's motion to amend the pleadings.

*By the Court.*—Judgment affirmed.