Verdia WILEY, Plaintiff-Appellant,

AMERI CHOICE WISCONSIN and
United Healthcare of Wisconsin,
Involuntary Plaintiffs,

v.

M.M.N. LAUFER FAMILY LIMITED PARTNERSHIP,
Defendant-Respondent,

SILVER SPRING SKATELAND, LLC, D.R.P. Security
Services, LLC, ABC Insurance Company,
DEF Insurance Company and GHI Insurance
Company, Defendants.

Court of Appeals

*No. 2010AP2789. Submitted on briefs August 31, 2011.
—Decided November 22, 2011.*

2011 WI App 158

(Also reported in 807 N.W.2d 236.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Emile H. Banks, Jr.* and *Brenda M.S. Rivecca* of *Emile Banks & Associates, LLC*, of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *James J. Mathie* of *Law Offices of James J. Mathie* of Waukesha.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. CURLEY, P.J. Verdia Wiley appeals the judgment dismissing her personal injury claims against M.M.N. Laufer Family Limited Partnership ("M.M.N.") —which owned the roller rink building where she was injured. Wiley argues that because, pursuant to Wɪs. Sᴛᴀᴛ. § 802.09(3) (2009–10),[1] the claims against M.M.N. raised in her amended complaint relate back to her original complaint—which asserted claims against Skateland, the business that operated the roller rink— the trial court erred in granting M.M.N. summary judgment. We disagree. Wiley's original complaint asserted claims against the roller rink business but did not assert any claims against the building owner. The building owner, M.M.N., should not have expected to be added as a defendant pursuant to § 802.09(3) because it had no role in owning, operating, or managing the

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

business of Skateland. For this same reason, we cannot conclude that Wiley made a "mistake" with respect to the newly-added defendant, *see id.*, as she knew that Skateland, the business operator, was a separate entity from the building owner for nearly a year before the statute of limitations expired. We therefore hold that Wiley's claim against M.M.N. does not relate back to the original complaint and affirm the trial court's judgment.

## I. BACKGROUND.

¶ 2. On February 25, 2006, Wiley slipped and fell in the icy parking lot of the Skateland roller rink in Butler, Wisconsin. She sustained severe personal injuries as a result of the fall, and in April 2008 sued Kevin A. Laufer—d/b/a Butler Skateland, Inc.—for negligently maintaining the premises and for violating the safe place statute, Wis. Stat. § 101.11.[2] The complaint described Kevin Laufer as being "in the business of owning and/or operating and/or managing Butler Skateland, Inc."[3]

¶ 3. Sometime after her lawsuit commenced, Wiley served written interrogatories upon Skateland, which Skateland answered on about July 1, 2008. Interrogatory no. 13 requested that Skateland disclose

[2] In her original complaint, Wiley also sued D.R.P. Security Services—the company responsible for crowd control and patron safety at Skateland—as well as D.R.P.'s insurer, for negligence.

[3] During discovery Wiley learned that "Butler Skateland, Inc." had been renamed "Silver Spring Skateland, LLC." Throughout the remainder of the opinion, we refer to the business simply as "Skateland" for clarity and consistency. We also note that the current case caption reflects the change in party name.

the identity of the owner of the building that housed Skateland. Skateland responded that Kevin Laufer's father,[4] Martin Laufer, owned the building, and that Martin Laufer leased the building to Skateland.

¶ 4. On August 13, 2008, the trial court conducted a scheduling conference and ordered that the parties amend the pleadings if necessary—including adding additional parties—by September 18, 2008. September 18, 2008 came and went. Neither party amended its pleading.

¶ 5. In April 2010, more than a year after the statute of limitations had run,[5] Wiley filed an amended complaint. According to Wiley, the amended complaint was predicated on the fact that she recently discovered that one of the interrogatory answers provided in July 2008 was incorrect; Martin Laufer was not the "true owner" of the building that housed Skateland. Rather, the building was actually owned by M.M.N.[6] Wiley subsequently filed an amended complaint naming M.M.N. as an additional defendant. The amended complaint alleged that M.M.N. owned, operated, and/or managed Skateland, and that it was negligent and violated the safe place statute. The amended complaint also alleged that the claim against M.M.N. related back to the original complaint.

¶ 6. After Wiley filed her amended complaint, M.M.N. moved for summary judgment. With its motion, M.M.N. submitted an affidavit stating that M.M.N. owned the property housing Skateland, and that it

---

[4] By this point in time, Kevin Laufer was deceased.

[5] *See* Wis. Stat. § 893.54(1) (imposing a three-year statute of limitations on actions to recover damages for injuries to one's person).

[6] We note that Martin Laufer is a general partner of M.M.N.

leased that property to Skateland, but that M.M.N. had no role in the ownership, operation or management of Skateland. M.M.N. argued that because it had no role in owning, operating or managing the business, Wiley's claim against it did not relate back to the original complaint, and further, that the statute of limitations on Wiley's claims had expired. Wiley opposed M.M.N.'s motion.

¶ 7. The trial court granted M.M.N.'s motion for summary judgment, and Wiley now appeals.

## II. ANALYSIS.

¶ 8. On appeal, Wiley challenges the trial court's decision to grant summary judgment on her amended complaint against M.M.N. While we generally review the issue of whether an amended complaint relates back to the original under the erroneous exercise of discretion standard, *see Thom v. OneBeacon Ins. Co.*, 2007 WI App 123, ¶ 8 n.5, 300 Wis. 2d 607, 731 N.W.2d 657, in Wiley's case we review the issue *de novo* because Wiley challenges the trial court's grant of summary judgment, *see, e.g., Tews v. NHI, LLC*, 2010 WI 137, ¶ 40, 330 Wis. 2d 389, 793 N.W.2d 860; *Hegarty v. Beauchaine*, 2001 WI App 300, ¶ 23, 249 Wis. 2d 142, 638 N.W.2d 355 (reviewing grant of summary judgment regarding relation back issue *de novo*). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). We view the inferences drawn from the underlying facts in the light most favorable to the party opposing the motion—in this case, Wiley. *See Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶ 23, 241 Wis. 2d 804, 623

N.W.2d 751. Thus, if there is any reasonable doubt regarding whether there exists a genuine issue of material fact, we must resolve that doubt in Wiley's favor. *See Schmidt v. Northern States Power Co.*, 2007 WI 136, ¶ 24, 305 Wis. 2d 538, 742 N.W.2d 294.

■

¶ 9. Specifically, Wiley argues that summary judgment is inappropriate because her amended complaint relates back to the original. Wisconsin's relation-back statute, WIS. STAT. § 802.09(3), provides:

> If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

Pursuant to § 802.09(3), a party seeking to amend its pleading to add a new party after the statute of limitations has expired must meet the following conditions: (1) the claim the party seeks to assert in the amended complaint must arise out of the transaction, occurrence, or event set forth or attempted to be set forth in the original complaint; (2) the added party must receive notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits within the period provided by law

for commencing a claim; and (3) within the period provided by law for commencing a claim, the added party must know, or should know that, but for a mistake concerning the identity of the proper party, the action would have been brought against the added party. *See Tews*, 330 Wis. 2d 389, ¶ 72.[7]

¶ 10. In the case before us, the parties agree that the first and second prongs of the relation-back test have been met; thus, the sole issue on appeal is whether M.M.N. knew, or should have known that, but for a mistake concerning its identity, Wiley would have brought her action against it. *See id.*; Wis. Stat. § 802.09(3). Wiley argues that M.M.N. should have known that, but for that mistake, it would have been added as a defendant. She further claims that she was mistaken about M.M.N.'s identity because she did not learn that M.M.N. was the "true owner" of the building until a year after the statute of limitations had expired. We disagree. M.M.N. should not have expected to be

---

[7] While this court has set forth the relation-back inquiry as a four-part test, *see, e.g., Grothe v. Valley Coatings, Inc.*, 2000 WI App 240, ¶ 9, 239 Wis. 2d 406, 620 N.W.2d 463 (stating that Wis. Stat. § 802.09(3) spells out four conditions: "(1) the basic claim must have arisen out of conduct set forth in the original pleadings; (2) the party to be brought in must have received notice so that it will not be prejudiced in maintaining its defense; (3) the party knew or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) most significantly, the second and third requirements must have been fulfilled within the prescribed limitations period"), we note that the supreme court in *Tews v. NHI, LLC*, 2010 WI 137, ¶ 72 n.21, 330 Wis. 2d 389, 793 N.W.2d 860, has used the three-part test, as it "more closely tracks the language of the statute and avoids a redundant inquiry." Therefore, in keeping with *Tews*, we set forth the inquiry here as a three-part test. *See id.*

added as a defendant in this case because M.M.N. is merely the building owner; it has no role in owning, operating, or managing the business of Skateland; and Wiley's original complaint asserts no claim against any owner or alleged owner of the building. For this same reason, we cannot conclude that Wiley made a "mistake" with respect to the relation-back inquiry as she was, as of July 2008, apprised of the fact that the owner, operator and manager of the Skateland business was a separate entity from the party who owned the building in which the business was housed.

¶ 11. While Wiley argues that we ought to—consistent with Wisconsin's notice pleading requirements, *see Korkow v. General Cas. Co. of Wis.*, 117 Wis. 2d 187, 193, 344 N.W.2d 108 (1984) (" 'notice' pleading rules of the [Wisconsin] civil procedure code are intended to facilitate the orderly adjudication of disputes; pleading is not to become a 'game of skill in which one misstep by counsel may be decisive of the outcome' ")—broadly construe her original complaint as putting "everyone on notice that is in any way connected to" "Skateland, including the building owner," the facts alleged in that complaint do not provide for such a reading. The complaint makes no mention of any building owner whatsoever. While the paragraph describing the Skateland business does allege that Kevin Laufer is "in the business of *owning* and/or operating and/or managing Butler Skateland, Inc.," we note that this paragraph, via its use of the term "Inc.," denotes that Kevin Laufer owns the *business,* a legal entity, not the actual building in which the business is housed. *See* Webster's Third New International Dictionary (Unabridged) 1145 (1993) (to be "incorporated" is to be made into a legal entity). Therefore, we cannot conclude that M.M.N.—who owned the building and who

186

played no role in owning, operating, or managing the business—knew, or should have known that, but for a mistake concerning its identity, Wiley would have brought an action against it. *See Tews*, 330 Wis. 2d 389, ¶ 72.

¶ 12. Furthermore, we cannot agree with Wiley's contention that there was a "mistake" as to M.M.N.'s identity that precluded her from timely adding it as a defendant, because she did not seek to add an additional defendant even after she learned that the building owner and business operator were two separate entities. *See id.* Nor can we agree that the person whom Wiley thought was the building owner as of July 2008, Martin Laufer, was "involved" in the case simply because he accepted service on Skateland's behalf. Wiley did not sue Martin Laufer, and his role as the agent for service of process for the roller rink business does not convert him into a defendant in his capacity as the building owner.

¶ 13. Moreover, contrary to what Wiley argues, *Tews*, cited above, does not compel a different result. In *Tews*, the Wisconsin Supreme Court reversed a grant of summary judgment on the plaintiff's amended complaint, which asserted a claim against Wisconsin Electric Power Company ("WEPCo"), because the amended complaint related back to the original. *Id.*, 330 Wis. 2d 389, ¶¶ 1, 5–6. One of the primary issues in *Tews* was, as it is in Wiley's case, whether the third prong of the relation-back test had been satisfied—in other words, whether there were "facts permitting the inference that WEPCo knew or should have known that, but for a mistake concerning its identity as a proper party, the action would have been brought against WEPCo." *See id.*, ¶ 76. The supreme court held that this prong was met because the original complaint, which was filed

against "We Energies" instead of WEPCo, alleged a claim against " 'the servicer of the electrical sub-station at issue.' "[8] *Id.* Although We Energies was not the servicer of the sub-station at issue, WEPCo was. *See id.*, ¶ 16. Because these facts permitted an inference that WEPCo "should have known that, but for a mistake concerning the identity of that servicer of the electrical sub-station, WEPCo was the intended defendant," summary judgment on the amended complaint against WEPCo was not appropriate. *See id.*, ¶¶ 77–79.

¶ 14. *Tews* is inapposite to Wiley's case because in *Tews* both the original complaint and the amended complaint at issue asserted a claim against the substation server, whereas in Wiley's case the original complaint asserts a claim against the roller rink business, while the amended complaint asserts a claim against the building owner, which in this case is a separate entity from the business owner. While Wiley did in fact allege that "M.M.N. owned and/or operated and/or managed Skateland," the facts established in M.M.N.'s affidavit make clear that M.M.N. is solely the building owner, not the business operator. Furthermore, although Wiley directs our attention to several factual similarities her case shares with *Tews*, including that Laufer family members own both the roller rink

---

[8] The facts giving rise to the complaint against " 'the servicer of the electrical sub-station at issue,' " *see Tews*, 330 Wis. 2d 389, ¶ 76, were that the plaintiff, after spending a portion of an evening at Lennigan's Bar in Fort Atkinson, cut through the parking lot behind the NASCO plant on his way home, and, after being unable to exit the parking lot through the north gate, allegedly entered "an unlit, fenced-in electrical sub-station through an unlocked gate" where he came into contact with part of a transformer—a mishap that caused permanent, severe injuries, *see id.*, ¶ 8.

business and the building and operate out of the same location, *see, e.g., id.*, ¶ 75, those similarities support the conclusion that M.M.N. had notice of the action such that it would not be prejudiced in defending a claim—the second prong of the Wis. Stat. § 802.09(3) inquiry—which is not at issue in Wiley's case but which was at issue in *Tews*. *See id.*, ¶¶ 72, 74–75.

■

¶ 15. In sum, this is a case where the plaintiff, after suing the roller rink business for negligence and then learning that the business operator and building owner were two separate entities, failed to file a claim against the building owner until well after the statute of limitations expired. Because the original complaint did not assert a claim against the building owner, we hold that the building owner should not have known that—but for a mistake concerning the identity of the proper party, the action would have been brought against it, and consequently the amended complaint did not relate to the original complaint pursuant to Wis. Stat. § 802.09(3). Summary judgment on Wiley's claim against M.M.N. was therefore appropriate.

*By the Court.*—Judgment affirmed.