COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP394**

Cir. Ct. No. 2007FA1424

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN RE THE FINDING OF CONTEMPT IN
IN RE THE MARRIAGE OF:


BERNADETTE MARIE GREENWOOD F/K/A BERNADETTE MARIE KAUFMAN,

PETITIONER-RESPONDENT,

V.

ROGER EUGENE KAUFMAN,

RESPONDENT-APPELLANT.


APPEAL from an order of the circuit court for Waukesha County: LEE S. DREYFUS, JR., Judge. *Affirmed*.

¶1     GUNDRUM, J.[1]  Roger Kaufman appeals pro se from an order of the circuit court.  He identifies the following as his issues on appeal:  (1) "Judge Dreyfus should have recused himself after making multiple previous erroneous findings"; (2) "The GAL should have been dismissed from the case for his contempt"; (3) "Judge Bohren made it very clear to the GAL what his authority was in this case 2 times. It was in line with [WIS. STAT. §] 767.451(3)"; (4) "Neither the Court, nor the GAL had the authority to substantially change placement under [§] 767.451(1) without proof the children were in danger, and signing an order doing so without a hearing violated the statute"; (5) "There was a Temporary Restraining order in effect until 10-31-2018 against Ms. Greenwood Prohibiting her from contacting Mr. Kaufman or coming to his residence."  For the following reasons, we affirm.

¶2     Kaufman has submitted a twenty-page brief complaining about various actions by various actors related to this case while it was before the circuit court; however, he fails to actually develop any legal arguments to demonstrate how the circuit court erred.  We could affirm for that reason alone.  *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments."); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court may decline to review issues that are insufficiently briefed or unsupported by legal authority).  While we recognize that Kaufman is pro se, he is still required to abide by the same rules governing attorneys.  *See Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).  An appellate judge cannot properly serve as both advocate and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

judge, *see Pettit*, 171 Wis. 2d at 647, and thus, it is inappropriate for us to "abandon our neutrality to develop arguments" for Kaufman, *see **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

¶3      In addition, in all of his twenty pages of briefing, Kaufman fails to provide even a single citation to the record showing support for any of the statements he makes in his brief, which is a violation of WIS. STAT. RULE 809.19(1)(d) and (e).  *See **Grothe v. Valley Coatings, Inc.***, 2000 WI App 240, ¶6, 239 Wis. 2d 406, 620 N.W.2d 463.  We also could reject his appeal for this reason alone as it is not our responsibility to search the record to seek out evidence in support of a party's argument.[2]  *Id.*; *see also **United States v. Dunkel***, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in [the record].")

¶4      On appeal, it is the appellant's (here Kaufman's) burden to demonstrate that the circuit court erred.  *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381.  Having failed to develop any legal arguments to demonstrate how the circuit court may have erred, Kaufman has failed to meet that burden.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] The record spans thirteen years and over 800 entries.