COURT OF APPEALS
DECISION
DATED AND FILED

June 20, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1888**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV43

IN COURT OF APPEALS
DISTRICT IV

DARLENE WEBER, DIANE NORTHAM, JOSEPH G. OZGA,
SHIRLEY MUELLER, DENNIS COOK, GINGER COOK, STEVE LIZER,
CRAIG SCHMIDT, SANDY SCHMIDT, MIKE ATTERBERRY,
KRIS ATTERBERRY, TIM HARTZ, SUE HARTZ, GUY LANDGRAF,
BRUCE LAUTH, LORI LAUTH, JERRY SEVERING, JANE SEVERING,
ETHAN NORTHAM AND SHANE NORTHAM,

   PLAINTIFFS-APPELLANTS,

  V.

TOWN OF DOUGLAS,

   DEFENDANT-RESPONDENT.

        APPEAL from an order of the circuit court for Marquette County:
MARK T. SLATE, Judge. *Affirmed in part and reversed in part.*

        Before Kloppenburg, P.J., Blanchard, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  The appellants, by counsel, appeal a circuit court order denying their motion for summary judgment and granting the motion for summary judgment filed by the respondent, the Town of Douglas.  This case arises from a dispute over the ownership of two parcels of land in the Town known as Jackson Park and Lincoln Park.  The appellants argue that they acquired the right to possess and maintain piers in Lincoln Park by way of prescriptive easement, that they acquired title to both parks by adverse possession, and that they own the parks because the parks were not ever dedicated to, or accepted by, the Town.  We reject each of the appellants' arguments and affirm the parts of the circuit court order that dismissed all of the appellants' causes of action.  We reverse the part of the circuit court order that granted summary judgment to the Town on its counterclaim and declared the Town to be the owner of Jackson Park and Lincoln Park.

## BACKGROUND

¶2     The appellants are owners of lots located in the Lake View Subdivision of the Town of Douglas in Marquette County.  Lincoln Park and Jackson Park are also located in the Lake View Subdivision.  Lincoln Park abuts Mason Lake and provides access to the lake.  Certain of the appellants use Lincoln Park to place and maintain private piers on Lake Mason.  Jackson Park does not abut Lake Mason, but it abuts several lots in the Lake View Subdivision.

¶3     The appellants filed a complaint in the circuit court against the Town, alleging three causes of action.  First, the appellants sought a judgment for a prescriptive easement over and on Lincoln Park to store and maintain their piers

2

on Mason Lake. Second, the appellants sought a judgment that they acquired ownership of Lincoln Park and Jackson Park by means of adverse possession. Third, and in the alternative, the appellants sought a judgment declaring that Lincoln Park and Jackson Park are private lands belonging collectively to the owners of the lots in the Lake View Subdivision plat, and further declaring that the Town has no ownership interest through dedication in the parks. The Town filed an answer disputing the appellants' allegations and also asserted a counterclaim for declaratory relief, seeking confirmation of the Town's rights and interest in Lincoln Park and Jackson Park.

¶4 After the completion of discovery, the appellants filed a motion and supporting brief for summary judgment on all three causes of action. The Town moved to dismiss the appellants' first two causes of action, the claims based on prescriptive easement and adverse possession. The Town also filed its own motion for summary judgment and supporting brief, seeking a judgment declaring the Town to be the owner of Jackson Park and Lincoln Park. The court treated all motions, including the Town's motion to dismiss, as motions for summary judgment.

¶5 The circuit court denied the appellants' motion for summary judgment and granted the Town's motion dismissing causes of action one and two, which were the appellants' prescriptive easement and adverse possession claims. As to the third cause of action, the request for declaratory judgment, the court denied the appellants' motion for summary judgment, dismissed the cause of action, and granted summary judgment in favor of the Town, declaring the Town to be the owner of Lincoln Park and Jackson Park. The appellants appeal.

**Standard of Review**

¶6     This court reviews summary judgment decisions independently, applying the same standards as the circuit court. *Smith v. Dodgeville Mut. Ins. Co.*, 212 Wis. 2d 226, 232, 568 N.W.2d 31 (Ct. App. 1997).  We examine the pleadings and materials submitted by the parties to determine whether there are material facts in dispute that would entitle the party opposing summary judgment to trial. *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503; WIS. STAT. § 802.08(2) (2021-22).[1]

**Analysis**

¶7     We conclude that the appellants' arguments that they acquired a prescriptive easement over Lincoln Park and that they acquired ownership of Lincoln Park and Jackson Park by means of adverse possession are undeveloped and we reject them on that basis.  That is, the appellants' principal brief on appeal fails to develop arguments on these two issues that apply relevant legal authority to the facts of record, and instead the brief primarily relies on conclusory assertions.  "A party must do more than simply toss a bunch of concepts into the air with the hope that either the trial court or the opposing party will arrange them into viable and fact-supported legal theories." *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999).  Consequently, this court need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped. *See Grothe v. Valley Coatings, Inc.*, 2000 WI App 240, ¶6, 239 Wis. 2d 406, 620 N.W.2d 463 (lack of record citations), *abrogated on*

---

[1]  All references to the Wisconsin Statutes are to the 2021-22 version.

*other grounds by* ***Wiley v. M.M.N. Laufer Family Ltd. P'ship***, 2011 WI App 158, 338 Wis. 2d 178, 807 N.W.2d 236; ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments). Here, the appellants have failed to develop their legal arguments regarding adverse possession and prescriptive easement, and fail to support their factual assertions with citations to the record, as required under WIS. STAT. RULE 809.19(1)(e). On that basis, we reject as undeveloped the appellants' prescriptive easement and adverse possession arguments, and we affirm the circuit court's order that denied the appellants' motion for summary judgment and granted the Town's motion dismissing those claims.

¶8      We turn to the appellants' argument that they own Lincoln Park and Jackson Park because the parks were never dedicated to the Town either by statutory dedication or common law dedication. For reasons we now explain, we conclude that this argument is unsupported by the record, based on mere speculation, and logically flawed. *See* ***North Highland Inc. v. Jefferson Mach. & Tool Inc.***, 2017 WI 75, ¶22, 377 Wis. 2d 496, 898 N.W.2d 741 ("A party opposing a motion for summary judgment must demonstrate that there exists a genuine issue of material fact," and "'[i]t is not enough to rely upon unsubstantiated conclusory remarks, speculation, or testimony that is not based upon personal knowledge.'" (quoted source omitted)).

¶9      It is undisputed that Lake View Subdivision was established by a plat that was recorded in 1926. The plat states that the four streets laid out on the plat are "dedicated to the use of the public" and were accepted and approved by the Town in 1926. Also shown on the plat are parcels designated as Lincoln Park and Jackson Park. The plat contains no mention of the Town accepting the parks as public parks, nor does the plat designate the parks as private parks. The

appellants assert that, if the original owners of the land contained within the plat had intended to dedicate Jackson Park and Lincoln Park as public parks, they would have articulated this dedication on the plat, as they did with respect to the streets. Accordingly, the appellants assert, they are entitled to a declaratory judgment that Lincoln Park and Jackson Park are private parks belonging to the owners of the lots in Lake View Subdivision. However, the appellants fail to identify any evidence in the record that would indicate the parks were dedicated or deeded to them.

¶10 Moreover, the appellants' argument that the appellants are the rightful owners of Lincoln Park and Jackson Park because the parks were never dedicated to or accepted by the Town is completely unsupported. Assuming without deciding that the appellants are correct in their assertion that Lincoln Park and Jackson Park were never dedicated to the Town as public parks, it does not mean that the parks belong to the appellants, as opposed to others. Assuming that the original grantors of the land in Lake View Subdivision failed to dedicate or deed their interest in the parks to anyone, the more logical inference would be that the parks still belong to the original grantors of the land in the Lake View Subdivision or, if the grantors have died, to their heirs. The appellants have failed to provide a non-speculative reason to conclude that they are entitled to a declaratory judgment that Lincoln Park and Jackson Park belong to the owners of the lots in Lake View Subdivision.

¶11 The appellants also argue in their principal brief on appeal that the Town is estopped from claiming any interest in Lincoln Park or Jackson Park. The Town asserts in its respondent's brief that the appellants failed to raise this estoppel argument in the circuit court proceedings. The appellants do not dispute the Town's position in their reply brief. Propositions asserted by a respondent on

6

appeal and not disputed by the appellant in the reply brief may be taken as admitted. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994). Generally, issues not raised in the circuit court will not be considered on appeal. *Apex Elec. Corp. v. Gee*, 217 Wis. 2d 378, 384, 577 N.W.2d 23 (1998). Based on the briefing submitted on appeal, we see no good reason to depart from these general rules of forfeiture in this case. Accordingly, we need not address the appellants' estoppel argument.

¶12    In sum, the appellants fail to demonstrate that there are any material facts in dispute that would entitle them to a trial on any of the issues discussed in their briefs. Consequently, we affirm the parts of the circuit court order that denied the appellants' motion for summary judgment and granted the Town's motion dismissing all of the appellants' causes of action.

¶13    We reverse the part of the circuit court order that granted summary judgment in favor of the Town on its counterclaim and declared the Town to be the owner of Lincoln Park and Jackson Park. Having reviewed the documentary evidence submitted in support of summary judgment on the Town's counterclaim, we cannot conclude that no genuine issue of material fact exists with respect to the Town's claim of ownership of the two parks. For example, the Town's submissions on summary judgment do not foreclose the possibility that Lincoln Park and Jackson Park may still belong to the original grantors of the land in the Lake View Subdivision or their heirs. Additional factual inquiry is required to resolve the Town's counterclaim.

*By the Court.*—Order affirmed in part and reversed in part.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.