COURT OF APPEALS
DECISION
DATED AND FILED

September 10, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2431**

STATE OF WISCONSIN

Cir. Ct. No. 2012PA64PJ

IN COURT OF APPEALS
DISTRICT II

---

IN RE THE PATERNITY OF K.B.D.:

MEGHAN J. REUTER AND STATE OF WISCONSIN,

   PETITIONERS-RESPONDENTS,

 V.

DAVID M. DORIN,

   RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Calumet County: CAREY J. REED, Judge. *Affirmed*.

¶1 GUNDRUM, J.[1] On February 22, 2023, the circuit court found David M. Dorin in contempt for his continued failure to make court-ordered child support payments. The court sentenced Dorin to six months in the Calumet County Jail, staying the sentence provided he comply with certain purge conditions. Dorin appeals pro se from an order of the circuit court denying his request for a jury trial to determine whether he complied with the purge conditions, finding his continued failure to comply with the purge conditions (except the condition to file any unfiled income tax returns), and lifting the stay of the imposed sentence for 30 days.[2] Due to significant deficiencies in Dorin's briefing, we affirm.

¶2 This case arises out of a judgment of paternity. Based on Dorin's and the child's mother's stipulations, the circuit court ordered Dorin to pay child support effective on the date Dorin and the child's mother no longer resided together.[3] By May 2022, Dorin's arrears totaled over $2,000, and the court entered an order to show cause for why Dorin should not be held in contempt. After the hearing on the order in February 2023, the court found Dorin in

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Dorin's notice of appeal, dated November 27, 2024, indicates he is appealing "the circuit court finding of contempt." The court entered the contempt order on February 22, 2023, which order was final and appealable. *See State v. Heyer*, 174 Wis. 2d 164, 168 n.2, 496 N.W.2d 779 (1993) ("A contempt order has traditionally been held to be a final order in a special proceeding."). Dorin did not file a timely notice of appeal from that order, and therefore, we lack jurisdiction to review it. *See id.*; WIS. STAT. § 808.04(1).

[3] Neither Dorin's nor Calumet County's brief contains any citations to the record. This is a violation of the rules of appellate procedure, which require parties to include in their briefs "facts relevant to the issues presented for review, with appropriate references to the record." WIS. STAT. RULE 809.19(1)(d), (e), (3)2. *See Grothe v. Valley Coatings, Inc.*, 2000 WI App 240, ¶6, 239 Wis. 2d 406, 620 N.W.2d 463.

contempt, set purge conditions, and ordered six months of imposed but stayed jail time if Dorin failed to satisfy the conditions. The court held multiple subsequent hearings, and in an August 2024 hearing, Dorin acknowledged "he was in contempt for failure to make child support payments and to comply with his purge conditions," and the court lifted the stay of the 6 months' imposed and stayed jail time for 30 days. At a November 2024 hearing, Dorin demanded a trial by jury to determine if he met the purge conditions, but the court concluded he was not entitled to a jury trial on that issue and found he continued to fail to meet his purge conditions (except the condition to file any unfiled income tax returns).

¶3     On appeal, the appellant, here Dorin, bears the burden of showing that the circuit court erred. *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. Dorin asserts that "[t]he issues in this case are beyond number," but he specifically mentions "[v]iolations of fundamental constitutional law," "involuntary servitude," "[v]iolations of contract law," "imprisonment for debt," "[f]raud/[u]nconscionable contract or [c]lause," "[n]o [o]bligation exists/unlawful order/serious moral turpitude," and "[t]rial by [j]ury denied."

¶4     Dorin's brief is merely a series of complaints and ramblings suggesting he has somehow been wronged.[4] His appellant brief does not at all

---

[4] As a small sampling, Dorin's brief includes: "The State of Wisconsin has displayed serious moral turpitude by its officers, and the resulting effect is Involuntary Servitude"; "This word (Free) begs the question, what took our freedom from us? and who sold us at birth? and who owns us? We are definitely not free!"; "Our high court broke our Law and had no authority to legislate from the bench. Anyone who follows these unlawful orders are [sic] erroneous and should be called out for the traitorous, cowardly, and repugnant behavior. We the people have a duty to speak against these bad practices"; "These false, fraudulent, repulsive, repugnant, filthy orders are only enslaving, destroying, and oppressing the allegedly free people of our Republic"; and "We are not enslaved by choice, no! [W]e are enslaved by orders from our servants."

make clear what this case is about or how the circuit court erred in handling the matters before it. At one point, Dorin indicates he was in jail for "an alleged debt" (apparently, the child support arrears) that he failed to pay and that "[t]he circuit court is in error for dismissing the Petition for a trial by jury [related to the contempt proceedings], and not holding the [C]onstitution the supreme law of the land." However, he fails to inform us about how the circuit court erred in these regards, much less develop a related legal argument. On appeal, we do not consider insufficiently developed arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed."); *Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments."). Dorin completely fails to develop a coherent legal argument on any of the issues he raises. Where an appellant fails to sufficiently develop any arguments to show that the court erred, he cannot prevail.

¶5 Although Dorin is representing himself in this appeal, his brief must still comply with these requirements. *See Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). The rules of appellate procedure were not enacted to make it impossible for an appellant to represent himself or herself. The rules are designed to compel an appellant to focus the court's attention on the issues of fact and law that the appellant contends were mistakenly decided by the circuit court. As a high-volume, error-correcting intermediate appellate court, we cannot take time to sift the record for facts that might support an appellant's contentions, *see Madely v. RadioShack Corp.*, 2007 WI App 244, ¶14 n.7, 306 Wis. 2d 312, 742 N.W.2d 559 (stating that "we have no duty to scour the record to review arguments unaccompanied by adequate record citations"), or develop legal arguments on behalf of an appellant. It is not our responsibility to develop

arguments for either party, "and we will not abandon our neutrality" to do so for Dorin. *See **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82; ***Doe 1 v. Madison Metro. Sch. Dist.***, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (stating that appellate courts "do not step out of [their] neutral role to develop or construct arguments for parties" (citation omitted)).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.