COURT OF APPEALS
DECISION
DATED AND FILED

September 25, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP162**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV2424

IN COURT OF APPEALS
DISTRICT IV

---

JESSICA MABIN,

    PLAINTIFF-APPELLANT,

  V.

TALGAT KONKARGAEV,

    DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Jessica Mabin appeals a judgment entered in this personal injury case.  On appeal, Mabin challenges that portion of the circuit court's ruling that denied her motion for leave to amend the complaint to add Bright Trucking Company as a defendant, and denied her motion for a continuance of the jury trial.  No respondent's brief was filed.  For the reasons discussed below, we affirm the judgment of the circuit court.

¶2    This is the second appeal by Mabin stemming from a motor vehicle accident that occurred in 2015, in which Mabin was rear-ended by a semi-truck, causing her injuries.  The driver of the truck identified himself as Talgat Konkargaev.  The truck was owned by CAS Transport, Inc. (CAS) and was being operated by Bright Trucking Company.

¶3    In Mabin's first appeal, we affirmed circuit court rulings that denied Mabin's request for a determination of uninsured motorist coverage, denied her prior motions for leave to amend her complaint, and dismissed her action against her insurer, Artisan and Truckers Casualty Company.  *See Mabin v. Konkargaev*, No. 2021AP188, unpublished slip op., ¶46 (WI App Mar. 24, 2022).  Details of the factual and procedural history of the case were included in the opinion issued in Mabin's first appeal, and we do not repeat those background details here except as necessary to address the issues raised in the appellant's briefing.

¶4    Mabin presents three main arguments in this appeal, and we address them in a different order than they are presented in the appellant's brief.  We first address the argument that the circuit court erroneously exercised its discretion by "affirmatively alleging" a statute of limitations defense on behalf of Bright Trucking.  Mabin argues that the court alleged a statute of limitations defense on behalf of Bright Trucking, and that by doing so, the circuit court judge violated

WIS. STAT. § 757.22 (2023-24), which prohibits a judge from acting as an attorney or counsel.[1]

¶5 We disagree with Mabin's assertion that the circuit court "affirmatively alleged" a statute of limitations defense for Bright Trucking, and we reject Mabin's argument that the judge acted in any manner as counsel for Bright Trucking. Rather, as we now explain, we are satisfied that the court took the statute of limitations into account as part of the proper exercise of its discretion when considering Mabin's motion to file a third amended complaint.

¶6 Whether to allow an amendment to a complaint when, as here, the party does not have a right to amend is a matter within the discretion of the circuit court. ***Butcher v. Ameritech Corp.***, 2007 WI App 5, ¶34, 298 Wis. 2d 468, 727 N.W.2d 546 (2006). "Among appropriate factors to consider … is whether the amended complaint would withstand a motion to dismiss, and a circuit court may properly deny the motion if it would not." ***Id.***, ¶36. At the November 16, 2023 hearing, the court reasonably took into account the likelihood that, if Mabin were permitted to amend the complaint to add Bright Trucking as a defendant, raising a statute of limitations defense "would probably be the very first thing" Bright Trucking would do. The court noted that the accident in this case took place in September 2015 and that, at the time of the motion hearing in November 2023, the three-year statute of limitations had long since run.

¶7 The circuit court also took notice of its prior oral ruling from February 23, 2021, in which the court denied a prior motion by Mabin to amend

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

the complaint to plead joint and several liability against entities that included Bright Trucking. In the February 23, 2021 order, the court had reasoned that Mabin should have been on notice of Bright Trucking's potential liability early on in this litigation. Specifically, the court had explained, Bright Trucking's "information was on the magnetic tag … that was affixed to the truck" and was visible in "police photos taken on the day of the accident." Therefore, Mabin could not reasonably claim that she was unaware of the possibility of making Bright Trucking a defendant until she learned of the existence and potential relevance of Bright Trucking through discovery.

¶8 Similarly, this court stated in resolving Mabin's first appeal that photographs taken as part of the investigation of the accident scene "revealed that two signs were attached to the driver-side door of the semi-truck tractor: 'LEASED TO NOVA LINES' and 'BRIGHT TRUCKING US DOT #2783363 WOODRIDGE, IL.'" *Mabin*, No. 2021AP188, ¶19. Given that a sign affixed to the semi-truck involved in the accident bore the name of Bright Trucking, and that pictures from the investigation of the accident scene clearly show the sign, Mabin should have been aware from the outset that Bright Trucking could be a possible defendant.

¶9 In light of the above facts, we conclude that the circuit court did not erroneously exercise its discretion when it denied Mabin's motion to amend the complaint a third time.

¶10 In reaching this conclusion, we also reject a second argument that Mabin makes: that an amendment to the complaint to add Bright Trucking should have been permitted pursuant to WIS. STAT. § 802.09(1), which provides that leave to amend a pleading "shall be freely given at any stage of the action when justice

4

so requires." The record reflects that the circuit court considered the pleading standard in § 802.09 and reasonably concluded that the facts and the law weighed against permitting another amendment. The court stated that, "even viewing the request to amend a complaint, you know, broadly or, you know, implying a liberal policy that's embodied in amendment of pleadings, it just doesn't apply here where the statute of limitations has run."

¶11 Finally, we turn to Mabin's argument that Bright Trucking should be equitably estopped from asserting a statute of limitations defense because Konkargaev, Bright Trucking, or others engaged in fraud. Mabin failed to adequately develop the fraud argument in the circuit court, and also fails to develop the argument on appeal. The appellant fails to develop coherent arguments that apply relevant legal authority to the facts of record, and instead relies largely upon conclusory assertions. "A party must do more than simply toss a bunch of concepts into the air with the hope that either the trial court or the opposing party will arrange them into viable and fact-supported legal theories." *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). Consequently, this court need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped. *See Grothe v. Valley Coatings, Inc.*, 2000 WI App 240, ¶6, 239 Wis. 2d 406, 620 N.W.2d 463 (lack of record citations), *abrogated on other grounds by Wiley v. M.M.N. Laufer Family Ltd. P'ship*, 2011 WI App 158, 338 Wis. 2d 178, 807 N.W.2d 236; *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments). Mabin fails to develop her fraud argument legally or to support it factually, and we reject the argument on that basis.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.