COURT OF APPEALS
DECISION
DATED AND FILED

October 23, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If
published, the official version will appear in
the bound volume of the Official Reports.

A party may file with the Supreme Court a
petition to review an adverse decision by the
Court of Appeals. *See* WIS. STAT. § 808.10
and RULE 809.62.

Appeal No. **2024AP1022**

STATE OF WISCONSIN

Cir. Ct. No. **2023CV156**

IN COURT OF APPEALS
DISTRICT IV

---

LORI A. MURPHY,

    PLAINTIFF-APPELLANT,

  V.

DANIEL R. MAYNARD AND KIM P. WEHRHAHN,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment of the circuit court for Waushara County:
GUY D. DUTCHER, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent
or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Lori Murphy appeals a judgment of the Waushara
County Circuit Court dismissing her complaint. Murphy presents two arguments

on appeal. First, Murphy argues that the circuit court erred when it concluded that the court's authority to construe a power of attorney or review the agent's conduct and grant relief under WIS. STAT. § 244.16 (2023-24)[1] terminated upon the death of the principal. Second, Murphy argues this court should remand the case for further proceedings on her claim related to oversight of her parents' trust. We reject Murphy's arguments and affirm the judgment of the circuit court.

¶2     In November 2023, Murphy filed a complaint against her siblings, Kim Wehrhahn and Daniel Maynard. The parties' parents, Donna Maynard and Robert Maynard, died in 2019 and 2021, respectively. Murphy sought review under WIS. STAT. § 244.16 of her siblings' conduct as financial powers of attorney for Robert Maynard. Murphy also sought intervention by the circuit court, pursuant to WIS. STAT. § 701.0201, in the administration of her parents' trust. Under the terms of the trust, Kim Wehrhahn and Daniel Maynard were successor trustees after the death of their parents. All three siblings were named as beneficiaries under the terms of the trust.

¶3     Wehrhahn and Maynard[2] filed a motion in the circuit court to dismiss the complaint. Following briefing and a hearing, the court granted Wehrhahn and Maynard's motion to dismiss. As to Murphy's claim for relief under WIS. STAT. § 244.16, the court interpreted the statute to preclude the claim. Section 244.16(1) provides that the persons designated in paragraphs (1)(a) through (1)(j) "may petition the circuit court of the county where the principal is

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] "Maynard" refers to respondent Daniel Maynard throughout the opinion unless otherwise specified.

present or of the county of the principal's legal residence to construe a power of attorney or review the agent's conduct, and grant appropriate relief." Applying a plain meaning interpretation of this language, the court reasoned that, because the principals were both deceased, the court lacked authority to take any steps under § 244.16 related to the power of attorney.

¶4      The circuit court also dismissed Murphy's claim requesting that the court intervene under WIS. STAT. § 701.0201 in the administration of her parents' trust. Citing WIS. STAT. § 701.0203, the court concluded that administration of a trust is subject to the exclusive jurisdiction of the probate court.[3] In addition, the court stated that administration of a trust is subject to the procedural requirements of WIS. STAT. ch. 879. *See* § 701.0201(4) ("Except as otherwise provided in this chapter, and as applicable, the probate procedure described in ch. 879 applies to a proceeding brought by a trustee, trust protector, directing party, or beneficiary concerning the administration of a trust."). The court took judicial notice of the fact that there had been a formal probate proceeding involving Robert Maynard's estate, and concluded that the court did not have jurisdiction to address the issues raised in Murphy's complaint through a separate action. The court further noted that no verified petition had been filed in the probate proceeding alleging that there were circumstances that necessitated examination of how the trust was being administered, as required under ch. 879. *See* WIS. STAT. § 879.01 ("All applications to courts, except motions in matters at issue, shall be made by verified petition."). On these grounds, the court dismissed the complaint in its entirety.

---

[3] WISCONSIN STAT. § 701.0203(1) states, "The circuit court assigned to exercise probate jurisdiction has exclusive jurisdiction of proceedings in this state brought by a trustee, trust protector, directing party, or beneficiary concerning the administration of a trust."

¶5      On appeal, Murphy argues that the circuit court erred when it concluded that, because the principals were deceased, the court lacked authority to grant relief under WIS. STAT. § 244.16. However, Murphy fails to develop a coherent argument on this issue that applies relevant legal authority to the facts of record. Murphy's briefs do not engage with the statutory language of Wisconsin's statute, § 244.16. Instead, Murphy raises arguments based on the Uniform Power of Attorney Act and the way that this act has been interpreted by Pennsylvania courts, but that are not tied to the language of § 244.16. This court need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped. *See Grothe v. Valley Coatings, Inc.*, 2000 WI App 240, ¶6, 239 Wis. 2d 406, 620 N.W.2d 463 (lack of record citations), *abrogated on other grounds by Wiley v. M.M.N. Laufer Fam. Ltd. P'ship*, 2011 WI App 158, 338 Wis. 2d 178, 807 N.W.2d 236; *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments). Murphy fails to develop her argument related to § 244.16 legally or to support it factually, and we reject the argument on that basis.

¶6      We next address Murphy's argument that this court should remand the case and permit her to proceed with her claim for oversight of her parents' trust. Murphy references the circuit court's comment that the claims in her complaint should have been initiated by verified petition in the probate action. Murphy then asserts in a conclusory manner that, eleven days prior to the hearing on the motion to dismiss in this case, 2023 Wis. Act 127 took effect and that, through passage of the act, the requirement of a verified petition was repealed. Murphy argues that, in light of Act 127, she should be permitted to proceed with the trust claim that was contained in her complaint. In the respondent's brief, Wehrhahn and Maynard assert that Murphy "misstates" that the requirement of a

verified pleading was repealed by Act 127, and that the requirement of a verified pleading remains in effect. Murphy fails to dispute or even address this point in the reply brief and, therefore, we deem the point admitted. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (propositions asserted by a respondent on appeal and not disputed by the appellant in the reply brief are taken as admitted).

¶7 We next address Murphy's request that this court permit her to amend the complaint pursuant to WIS. STAT. § 802.09(1). Murphy acknowledges in her appellant's brief that no request was made to amend the complaint in the circuit court. Nonetheless, Murphy argues that justice requires that amendment be permitted. In support of her argument, Murphy cites *Tietsworth v. Harley-Davidson, Inc.*, 2007 WI 97, ¶28, 303 Wis. 2d 94, 735 N.W.2d 418, for the proposition that the lack of a request in the circuit court for leave to file an amended complaint does not prevent this court from remanding with directions to allow an amended complaint. Murphy misstates the procedural history in *Tietsworth*. In *Tietsworth*, the plaintiffs-appellants did, in fact, move the circuit court for leave to amend their original complaint, and the circuit court denied the motion. *Id.*, ¶¶17-19. *Tietsworth* is therefore inapposite to Murphy's position.

¶8 As a final point, we note that the judgment being appealed in this case granted an award of costs and attorneys' fees in the amount of $300 in favor of Wehrhahn and Maynard. Murphy does not present any argument in her briefs regarding the award of costs and attorneys' fees and, therefore, we deem the issue to have been abandoned on appeal. *See Reiman Assocs., Inc. v. R/A Advert., Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 (Ct. App. 1981) (issue not been briefed or argued on appeal is deemed abandoned).

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.